WILLIAM McKEAN v. LOUIS B. SMOYER.

FILED OCTOBER 3, 1893.    No. 4768.

Landlord and Tenant: RIGHT OF LESSEE OUT OF POSSESSION
     TO CROPS RAISED BY TENANT PENDING FORCIBLE ENTRY
     SUIT AGAINST THE LATTER: REPLEVIN.    Action of S. against
     M. to recover possession of a quantity of corn which plaintiff
     had planted, cultivated, and grown during the season of 1889
     upon land owned by T.    The land on which the corn was grown
     was in plaintiff's possession when the crop was planted and
     grown, and had been in his possession for several years prior
     thereto under a lease from the owner.    Defendant claimed the
     crop by virtue of a lease from T. for the same year, although he
     neither planted nor cultivated the land.    After the corn was
     planted M. brought a forcible detainer suit against S. before a
     justice of the peace to obtain the premises and recovered a judg-
     ment of restitution, which was taken by M. on error to the dis-
     trict court and there affirmed.    The crop was put in before, but
     raised and matured during the pendency of the forcible detainer
     action.    After the corn was ready to gather, M. took possession
     thereof and refused to surrender the same to S.    Verdict and judg-
     ment for S. upheld.

ERROR from the district court of Otoe county.    Tried
below before CHAPMAN, J.

The facts are stated in the opinion.

*F. E. Brown* and *E. F. Warren*, for plaintiff in error:

The judgment of the justice of the peace in the forcible
entry and detainer proceeding was conclusive between the
parties thereto, and until reversed was final. (*Mitchell v.*

*Hawley,* 4 Den. [N. Y.], 414; *Bray v. Saaman,* 13 Neb., 518.) McKean had parted with the possession of the goods at the time the action of replevin was brought, and for that reason an action in replevin cannot be maintained. (*Hall v. White,* 106 Mass., 599.) An action of replevin cannot be maintained by a trespasser who sows grain on another's land, and the true owner enters and cuts it. (*Elliott v. Powell,* 36 Am. Dec. [Pa.], 200; *Hooser v. Hays,* 50 Id. [Ky.], 540.) A disseisee cannot maintain replevin for grain sown by him on land of which he has been disseised. (*De Mott v. Hagerman,* 18 Am. Dec. [N. Y.], 443; *Bruen v. Ogden,* 20 Id. [N. J.], 606; *Rich v. Baker,* 3 Den. [N. Y.], 79; Cobbey, Replevin, sec. 381.) Title to land cannot be tried in replevin. (*Page v. Fowler,* 28 Cal., 605.)

  *Thomas B. Stevenson, contra :*

The judgment in the forcible entry and detainer suit, commenced, as it was, after the corn, the subject-matter of the suit, was planted, did not determine the ownership of the crop raised during the time the suit was pending. This was not in issue in that suit, and the defendant in error, having been in the possession of the lands in question from year to year, for a number of years, and having in good faith, with the knowledge of McKean and Talbot, plowed the land, planted and cultivated the corn, is the owner thereof, and entitled to the possession. (*Youmans v. Caldwell,* 4 O. St., 71 ; *Kinney v. Degman,* 12 Neb., 237.) The principle that a disseisee cannot maintain replevin does not arise in this case, as title to real estate cannot be tried in a justice court, nor in a forcible entry case. (Constitution, art. 5, sec. 18; *Aubrey v. Almy,* 4 O. St., 524.)

  NORVAL, J.

The defendant in error brought an action of replevin in the court below against plaintiff in error and one Dexter W.

Green, to recover some corn in the field. On the trial of the case judgment was rendered in favor of Green, but for Smoyer and against McKean. The latter brings the case here on error.

It appears from the record that one Talbot was the owner of the land upon which the corn was grown, and that, for six or eight years prior to the year 1889, Smoyer farmed the land under a lease from the owner from year to year, some years paying grain rent, while others, cash. In the spring of 1889, Smoyer planted the same land to corn, consisting of about thirty acres, and cultivated the same. The crop thus raised is the corn in controversy. Defendant in error claimed the corn by virtue of a lease entered into in the fall or winter of 1888, with Mr. Talbot, the owner of the land, and plaintiff in error claims that Talbot in November, 1888, leased the land to him for the season of 1889, therefore the crop belonged to him. Both parties claim to have leased from the same person, and the matter in controversy is, which one is entitled to the crop.

Plaintiff in error testified upon the trial that on the day of the general election in November, 1888, he leased the land of Talbot for the season of 1889, at a rental of $2 per acre, $5 of which was to be paid at the time, and the remainder on March 1, 1889; that he paid $2.50 down, and tendered to Talbot the balance on March 1, which he declined to receive.

Mr. Talbot's testimony is to the effect that he agreed to lease the land to McKean for $2 per acre, who promised to pay on that day $5 of the amount, and the remainder before March 1, the day the term was to commence; that a receipt for $5 was drawn and signed, but McKean only had $2.50, which he gave Talbot, took the receipt and went away, promising to return and pay the other $2.50 during the day, which he failed to do. Witness further testified that a lease was to have been drawn upon the payment of the $5; that no tender of the remainder of the rent was

made within the time agreed upon, and when tendered, Talbot refused to receive the same, and offered to McKean the $2.50 which had been paid, which offer was refused.

It is uncontradicted that Talbot leased the land to Smoyer for the year 1889, who farmed the ground during that season, and planted, cultivated, and raised the corn taken under the replevin writ. McKean did nothing towards putting in and cultivating the crop, except breaking some of the corn-stalks. After the corn was planted by Smoyer, plaintiff in error brought a forcible detainer suit before a justice of the peace against Smoyer, where he recovered a judgment of restitution. On error to the district court, the judgment in the forcible detainer action was affirmed. There is some conflict in the testimony as to whether a writ of restitution was ever issued and served upon Smoyer. It does, however, appear that McKean, after the crop had matured, entered the premises and gathered some 200 bushels of the corn, which he sold to Green, and refused to allow Smoyer to take the portion remaining ungathered.

We are satisfied, under the undisputed facts, and those established by the clear preponderance of the evidence, that Smoyer was the owner of the corn in question and was entitled to the possession thereof. The land on which the corn was grown was in his possession when the crop was planted and grown, and had been in his possession for several years prior thereto under a claim of right, as the tenant of Mr. Talbot, the owner of the land. McKean was never upon the land, except one day when he attempted to break stalks, until after the crop had been matured, when he entered the premises and gathered a portion of the corn. We do not think the judgment in the forcible detainer suit is a bar to this action. It was conclusive upon the parties as to the right of possession of the land, but the ownership of the crop, which had been planted before that action was instituted, raised and matured during the pendency thereof, was not in issue therein. When Smoyer took the judg-

ment in that suit to the district court for review, he gave a bond, conditioned for the payment of rents in case the judgment should be affirmed. McKean's remedy is upon the bond, or an action for damages against Talbot for breach of lease. He cannot have the crop and recover rent too.

The authorities cited by plaintiff in error, to the effect that a trespasser planting and cultivating a crop on another's land cannot maintain replevin against the owner who has entered into actual possession and harvested the crop, are not applicable to this case. Defendant in error was not a trespasser. He took possession of the land in the utmost good faith with the consent of the owner. Each party claimed to be the tenant of Talbot, and as between them we think the one who did not sow is not entitled to reap.

It is urged that replevin will not lie, as McKean had sold the corn to Green prior to the bringing of the action. The evidence of the sale of the corn to Green is not very satisfactory. There had been delivered only that which had been gathered, about 200 bushels, and nothing had been paid. The corn obtained under the writ was in McKean's possession, and he refused to allow Smoyer to take the same, although requested so to do. An action of replevin is properly brought against the one who unlawfully detains the possession of the property. The judgment is

AFFIRMED.


THE other judges concur.