## DANIEL MONDAY V. WILLIAM O'NEIL.

### FILED APRIL 5, 1895.   No. 6167.

Landlord and Tenant: RIGHT OF TENANT TO CROP GROWN
    DURING FORECLOSURE OF MORTGAGE. A tenant for years of
    mortgaged land planted a crop after the rendition of a decree
    foreclosing the mortgage, the tenant having been a defendant in
    the foreclosure suit. The land was sold under the decree and
    the sale confirmed while the crop was growing and before it ma-
    tured. The purchaser did not obtain possession of the land, but
    permitted the tenant to retain possession, merely notifying him
    that he, the purchaser, would expect from the tenant rent in
    money or in kind. *Held*, That as between the tenant and pur-
    chaser the former was entitled to the crop.

ERROR from the district court of Dodge county. Tried
below before SULLIVAN, J.

*Frick & Dolezal*, for plaintiff in error, cited: *Jones v.
Thomas*, 8 Black. [Ind.], 428; *Smith v. Hague*, 25 Kan.,
246; *Beckman v. Sikes*, 35 Kan., 120; *Scriven v. Moote*, 36
Mich., 64; *Lane v. King*, 8 Wend. [N. Y.], 584; *Shepard
v. Philbrick*, 2 Den. [N. Y.], 174; *Simers v. Saltus*, 3 Den.
[N. Y.], 219; *Gillett v. Balcom*, 6 Barb. [N. Y.], 370;
*Jewett v. Keenholts*, 16 Barb. [N. Y.], 193; *Gardner v. Fin-
ley*, 19 Barb. [N. Y.], 320; *Howell v. Schenck*, 24 N. J.
Law, 89; *Pitts v. Hendrix*, 6 Ga., 452; *Sherman v. Willett*,
42 N. Y., 146; *Borrell v. Dewart*, 37 Pa. St., 134; *Tripp v.
Hasceig*, 20 Mich., 254; *Lathrop v. Nelson*, 4 Dill. [U. S.],
194; *Taylor v. Cooper*, 10 Leigh [Va.], 317; *Wagner v.
Cohen*, 6 Gill. [Md.], 102; *Taylor v. Courtnay*, 15 Neb.,
197; *Day v. Thompson*, 11 Neb., 128.

*C. Hollenbeck*, contra, cited: *Sornberger v. Berggren*, 20
Neb., 399; *Whitmarsh v. Cutting*, 10 Johns. [N. Y.], 361;
*Cassilly v. Rhodes*, 12 O., 88; *Houtz v. Showalter*, 10 O.
St., 124.

Irvine, C.

This case was tried in the district court on a stipulation of facts. The court instructed the jury to return a verdict for the defendant, and from the judgment rendered thereon the plaintiff prosecutes error.

The action was one in the nature of trover for eighty acres of corn grown and a part thereof standing on the west one-half of the northwest quarter of section 13, township 18, range 5, in Dodge county. The essential facts, as disclosed by the stipulation, are as follows: On the 14th day of January, 1889, one Stanford, who was then the owner of the land described in the petition, executed a mortgage thereon to the J. T. Robinson Notion Company. On the 3d of January, 1891, an action was brought to foreclose this mortgage, the parties defendant being Stanford and wife and O'Neil, the defendant in this case, the petition alleging that O'Neil claimed a leasehold interest in the premises, but that such interest was inferior to the interest of the plaintiff. All the defendants made default, and on April 23, 1891, a decree of foreclosure was rendered. On June 26, 1891, the land was sold under the decree of foreclosure to the plaintiff. On the 27th of June the sale was confirmed and a deed executed, which was the same day recorded. O'Neil was the tenant of Stanford for one year from March 1, 1891, and the corn in question was planted by O'Neil in May, 1891, and was growing at the time of the sale and confirmation. No lease was made by the plaintiff to O'Neil, but O'Neil continued in possession after the sale, and Monday made no effort to obtain possession except that at different times during the summer of 1891 he notified O'Neil not to pay rent to Stanford and that he would insist on either the rent or a portion of the crops.

The question presented is, therefore, whether under the foregoing state of facts Monday or O'Neil was the owner of

the crops growing on the land, but not matured at the time
the sale was confirmed. Since the briefs were filed the
cases of *Yeazel v. White*, 40 Neb., 432, and *Foss v. Marr*,
40 Neb., 559, have been decided. Their effect is to limit
the inquiry here to a much narrower field than that cov-
ered by the briefs. In *Yeazel v. White* it was decided that
the owner of land sold upon execution retains the right
of possession and is entitled to the usufruct of such land
until confirmation of the sale, and that therefore the judg-
ment debtor is not accountable to the purchaser for hay
cut upon the land after sale and before confirmation.
In *Foss v. Marr* it was held that a mature crop of corn
standing upon land sold at judicial sale and not taken into
account by the appraisers did not pass to the purchaser but
remained the property of the mortgagor who had planted
and cultivated it. In the latter case some stress was laid
upon the fact that the crop was matured, and the language
of the supreme court of Iowa in *Hecht v. Dettman*, 56 Ia.,
679, wherein a distinction is drawn between a growing
crop and one already matured but not severed, was quoted
as confirming the conclusion reached. The language used in
*Hecht v. Dettman* was, however, employed to distinguish
that case from *Downard v. Groff*, 40 Ia., 597, holding
that the right to growing crops passes to the purchaser
at a judicial sale. *Downard v. Groff* followed the general
current of authority and recognized that *Cassilly v. Rhodes*,
12 O., 88, was opposed to the conclusion reached, stating
truly that *Cassilly v. Rhodes* was based upon a construction
of the Ohio appraisement law. *Foss v. Marr*, was based
upon the doctrine of *Cassilly v. Rhodes*, our appraisement
law being similar to that of Ohio, and the reasons given
by the Ohio court for departing from the general rule be-
cause of the effect of the appraisement law being deemed
sound and applicable to this state. The court did not, in
*Foss v. Marr*, undertake to decide that growing crops do
pass to the purchaser; on the contrary, in the last para-

graph of the opinion it is expressly stated that that question was neither presented nor decided. *Cassilly v. Rhodes*, was a case where the crop involved was one which had not matured, and the language of the opinion refers to it throughout as a growing crop. The reason of the decision was that the value of the annual crops is not included in the appraisement made prior to the sale, and that the debtor's rights therein can be saved only by regarding such crops as personalty requiring a separate levy. This reasoning, which is approved in *Foss v. Marr*, is equally applicable to a growing crop as to one matured. In *Houts v. Showalter*, 10 O. St., 125, *Cassilly v. Rhodes* was reaffirmed, and the crop there in controversy was also a growing crop. It will be remembered that Monday, after he obtained title to the land, did not enter into possession thereof, but suffered O'Neil to remain in posse-sion, merely notifying him that Monday would expect either rent or a portion of the crop; that is, he treated O'Neil as his tenant, demanding rent either in money or in kind. O'Neil's conduct is not sufficiently disclosed to establish whether or not there was an attornment by him to Monday. Assuming that there was not, it would seem that he was holding adversely; and if so, it is not apparent how Monday could obtain the crop. If he were not holding adversely, then his relationship to Monday would seem to be that of a tenant at will. At the common law, when a tenancy is uncertain so that the tenant cannot know that his estate will terminate before the crop can ripen, the tenant is entitled to re-enter and harvest the crop at maturity. This is the law in this state. (*Sornberger v. Berggren*, 20 Neb., 399; *McKean v. Smoyer*, 37 Neb., 694.) Under this principle it would seem clear that O'Neil was entitled to the crop.

In opposition to this view it is argued that the foreclosure suit had been begun, and, indeed, a decree of foreclosure rendered before the crop was planted, but we do not

think this fact material. O'Neil knew, of course, that a sale might be made and confirmed before his crop would mature, but he could not know that such would be the case. We do not think that he was obliged to abandon the land or permit it to lie uncultivated merely because there was a possibility or a probability that his estate would be determined before the crop would mature. Public policy requires that the law should be so construed as to encourage rather than discourage the tillage of lands under such circumstances. The language of the supreme court of Ohio in *Houts v. Showalter, supra,* is peculiarly applicable: "Under our system, frequent advertisements and offers for sale, and, occasionally, revaluations are necessary, before a sale can be effected. When an appraisement is made, it cannot be foreseen when a sale will be effected. It is not for the interest of any party, nor for the public interest, that the land should thenceforth lie waste; then there may have been no crop sown or planted; but when the sale comes to be made, there may be growing crops put into the ground in the meantime." This language was used with reference to the period between appraisement and sale, but it applies with all the more force to the period between decree and sale. We are not determining in this case what the rights of the parties would be had Monday secured possession and evicted O'Neil before the crop matured. What we hold is that following the reasoning in *Cassilly v. Rhodes* and *Foss v. Marr,* the tenant should be protected in his crop unless before it is matured something happens to deprive him of the right thereto, and that, therefore, where the purchaser permits the tenant to remain in possession until the crop is harvested, the title thereto remains in the tenant and does not pass to the purchaser. We have referred to O'Neil as the tenant, but what has been said is applicable to the mortgagor himself. We have treated O'Neil as if he were himself the mortgagor because, without inquiry as to

whether he would otherwise have any higher rights, having been made a defendant in the foreclosure suit, a decree having there been rendered barring his estate, it is clear that in this proceeding he stands in no better position than had he been the mortgagor instead of the mortgagor's tenant. Under the view of the law above presented the plaintiff was not, under the stipulation, entitled to recover and the peremptory instruction given by the trial court was correct.

JUDGMENT AFFIRMED.