Story v. Lang.

---

ADALINE E. STORY, *Appellant,* v. IGNETZ LANG et al., *Appellees.*

No. 17,774.

SYLLABUS BY THE COURT.

LEASE—*Forfeiture—Tenant's Right to Emblements.* The purchaser of a tract of land agreed to give the owner for it a certain quantity of wheat within eleven years, and that on each year he would deliver the wheat grown on the land, except so much as was necessary for seeding and to pay the expense of harvesting and threshing the crops, and that if the purchaser had not paid the stipulated quantity at the end of the eleven-year period he would pay the owner the balance due on the basis of fifty cents per bushel for the quantity not delivered. He was given possession of the land and raised several crops, but had not complied with the conditions of the

contract. While in possession of the land, although in default as to the payments, he rented it to tenants who put in a crop of wheat. After the crop was sown an action was brought by the owner against the purchaser to cancel the contract of sale and obtain possession of the land, in which the tenants were named and served as defendants. Three days before the harvesting of the crop was begun a judgment was rendered in the case decreeing a cancellation of the contract, the restoration of possession, and barring the defendants from claiming any interest in the land. *Held*, that the rights of the purchaser were not terminated until the contract of sale was canceled, and that the tenants under him were entitled to a tenant's share of the crop which they had grown on the land while the action was pending.

Appeal from Trego district court. Opinion filed July 6, 1912. Affirmed.

*C. B. Daughters,* of Manhattan, and *Herman Long,* of Wa Keeney, for the appellant.

*David Ritchie,* of Salina, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by Adaline E. Story, the appellant, to recover 990 bushels of wheat from Ignetz Lang and Rudolph Augustine, appellees, who made a cross-claim and asked for judgment against the appellant for 632 bushels of wheat which they alleged she wrongfully took from them.

In 1903 appellant sold a tract of land to John Younger for which he agreed to pay to her, within a period of eleven years, 3000 bushels of wheat, or, in lieu thereof, the value of that quantity of wheat reckoned at the price of fifty cents per bushel. The grantee was required to sow wheat on certain tillable land and to turn the crop over to the grantor in payment of the land, except so much as was necessary to pay for the seed and the harvesting and threshing of the crops. Shortly after the contract was made Younger transferred his interest in it to Paul Flax,

who entered into possession of the land and held pos-
session of it under the contract until 1909 when he
rented it to appellees.   They planted it in corn in the
spring of 1909 and in the fall of that year they put
the land in wheat—the crop in controversy here.   A
dispute arose between Flax and appellant as to the per-
formance of the contract, and on December 27, 1909,
she began an action against him in which she asked a
judgment decreeing that the contract of sale had been
rescinded and that it be canceled and held for naught.
The appellees were also named as parties and judg-
ment was asked barring them from claiming any in-
terest in the land.   Although served with summons
they made default, and after a trial, which concluded
on June 21, 1910, it was adjudged that appellant was
entitled to the possession of the land and that appel-
lees, as well as Flax, were barred from claiming any
interest adverse to appellant.   On June 30, 1910, exe-
cution was issued to enforce the judgment.   The wheat
crop was not wholly ripe on June 21, but appellees be-
gan harvesting the crop three days later and finished
it about July 4.·  The appellees began threshing the
crop and had threshed 990 bushels of it when they
were interrupted by the sheriff, who took possession
under the writ issued in this case.   The threshing
was completed by the appellant and the appellees are
claiming the 632 bushels which she threshed and sold.
The court held that Flax, being in possession under a
contract with appellant, had a right to lease the land
to appellees on the customary rental basis and that
the judgment rendered when the annual crop was
practically matured did not prevent them from har-
vesting it, but that they were entitled to the wheat
raised subject to the claim of appellant for rent due
her as owner of the land.

The contention that the right to the crop was ad-
judicated in the former action is not sound.   That
was primarily an action to cancel the contract be-

tween appellant and Flax and to bar him and those claiming under him of any interest in the land. Until judgment was rendered in that action the contract relation between them was not severed. The adjudication was that the contract should then be set aside and the right to the possession of the land should be restored at that time, but it determined nothing more than that. Until the contract was set aside Flax could not be regarded as a trespasser on the land as the contract provided that he should have possession for eleven years and only eight years of that period had expired when the contract was canceled. It is true that he had not complied with the conditions of the contract, but there was a provision in it that if at the end of the eleven years he had not delivered the quantity of wheat specified he could pay the balance due on the basis of fifty cents for each bushel not yet delivered. Until the contract was canceled appellees had a right to deal with Flax and to assume that his possession was not unlawful. So long as appellant permitted Flax to remain in possession of the land other persons might deal with him on the theory that his defaults, if any, had been waived and that appellant was willing to take cash at the end of the eleven-year period instead of the annual share of the wheat.

In *Sornberger v. Berggren,* 20 Neb. 399, 30 N. W. 413, a contract for the sale of a tract of railroad lands was made which contained a stipulation that if the purchaser or his assignee failed to make the payments at the specified time and to strictly comply with all the conditions it should, so far as the grantor was concerned, become null and void. It was assigned and the assignee rented the land to a tenant for a share of the crops, and it was held that the rights of the assignee were not terminated until the contract was actually forfeited, and the fact that he had been in default for several years did not deprive his tenants of their share of the immature crop growing on the land

Story v. Lang.

before the forfeiture was declared.  That was. upon the theory that until the lease or contract is terminated the tenant who planted the crops is entitled to the emblements, and it was said that "the doctrine of emblements is founded on the clearest equity and the soundest policy, and ought to receive a liberal encouragement."  (*Stewart v. Doughty*, [N. Y.] 9 John. 108, 112.)

(See, also, *McKean v. Smoyer*, 37 Neb. 694, 56 N. W. 492; *Monday v. O'Neil*, 44 Neb. 724, 63 N. W. 32; *Reeder et al. v. Sayre*, 70 N. Y. 180; *Sievers v. Brown*, 36 Ore. 218, 56 Pac. 170.)

The appellees were in no sense trespassers as they contracted with a purchaser in possession.  The court found that they did not participate in any wrongdoing of Flax, but on the other hand believed that he had a right to contract with them, and further believed that Flax could not be dispossessed until the eleven-year period had expired as an action in relation thereto had been decided in his favor.  The matter of crops was not referred to in the equitable action wherein judgment was rendered in favor of appellant, and the court rightly held that the right to the crops was not put in issue in that case.  That question not being adjudicated and appellees being tenants of one who had a contract which on its face had three years to run there is no reason why they are not entitled to a tenant's share of the crop which they planted.  In *Sornberger v. Berggren*, 20 Neb. 399, 30 N. W. 413, it was said:

"At common law, which prevails in this state, a tenant who sows or plants a crop, where it is not possible for him to know that his estate will terminate before the crop can ripen, and it does terminate before, is entitled to harvest and secure the crop at maturity. This rule is applied to tenants for life and tenants at will, unless the title under which they claim contains some express provision to the contrary."  (p. 404.)

Here the crop was practically ripe when the contract was canceled and the right of Flax terminated. The judgment was entered on June 21 and the harvesting was begun on June 24. The execution on the judgment was not issued until June 30. It was returned into court on August 11, but when it was served was not shown. The ripeness of the crop at the time of judgment was an equitable but not a controlling consideration. It is sufficient that the right of Flax had not ceased and that when it would terminate was uncertain when the crop was sown by appellees. They were therefore entitled to harvest and take off the crop which had been sown before that in due course of husbandry, giving the owner the landlord's share.

This appears to have been done and the judgment is affirmed.