## OTTO E. CARLSON, APPELLEE, V. CARL A. NELSON, APPELLANT.

FILED MAY 24, 1933. No. 28486.

*Charles W. Peasinger,* for appellant.

*P. H. Peterson, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

This is a suit to foreclose a mortgage securing a note for $5,000. The mortgaged premises consisted of 160 acres of land in Knox county. The mortgagee, Otto E. Carlson, is plaintiff and the mortgagor, Carl A. Nelson, is defendant. A decree of foreclosure was entered April 15, 1931. Defendant took a stay of execution for nine months from the date of the decree. While the sheriff's foreclosure sale was suspended by the stay of execution, defendant sowed rye on a portion of the land in the fall of 1931. An order of sale under the decree was issued January 15, 1932. Pursuant thereto the sheriff sold the land to plaintiff for $5,000 on February 23, 1932. On the same day, in the same proceeding, defendant applied to the district court for permission to retain possession of the premises for the crop season beginning March 1, 1932, for the purpose of harvesting the rye. The sale was confirmed March 9, 1932, and the sheriff ordered to

deed the land to plaintiff and to put him in possession. At the same time the district court took under advisement the question of defendant's right, if any, to retain possession for the purpose of harvesting the rye, and March 28, 1932, held that plaintiff, by virtue of the confirmation of the sheriff's sale March 9, 1932, was entitled to the possession of the premises "together with all appurtenances thereunto belonging." Defendant appealed from both orders.

The only objections to confirmation below were: Defective notice; bid disproportionate to value; subsequent sale would bring more money; proceedings irregular. There was no evidence in support of any one of these objections. Consequently they were properly overruled. There is nothing in the record to show a ground for setting aside the confirmation.

It is urged as a reason for a reversal that defendant was entitled to retain possession of the premises for the purpose of harvesting rye. A review of the record shows that this position is untenable. No objection to confirmation on this ground was made in the trial court. After having had the benefit of a stay of execution for nine months, as authorized by law, defendant applied for an additional stay for the crop season beginning March 1, 1932. He did not offer to surrender possession with the privilege of a temporary reentry for the sole purpose of harvesting his crop. His prayer was for continued possession for a crop season after his stay of nine months expired. When he sowed the rye, while a sale of the land was stayed, he was charged by the foreclosure proceedings with notice that plaintiff would have a right to dispossess him before maturity of the crop. The rye was sown on corn land. The sowing of rye in the fall of 1931 and defendant's possession of the farm for the crop season of 1932, if granted, would have deprived plaintiff of his right to the use of his land after acquiring the title and the right of possession, as he did, on March 9, 1932, by a valid confirmation of the sheriff's sale. Moreover, de-

fendant did not prove that the rye sown in the fall of 1931 had any value when defendant acquired title and right of possession of the farm by a valid order of confirmation March 9, 1932. There is evidence, however, that the rye, though sown in a dry season, sprouted. The record shows that defendant is not entitled to the relief sought by him and that there is no error in the proceedings and orders of the district court.

AFFIRMED.