J. P. JENSEN, APPELLEE, V. GURLEY GRAIN COMPANY: OLD LINE INSURANCE COMPANY, INTERVENER, APPELLANT.

FILED JANUARY 25, 1935. No. 29131.

*Albert S. Johnston,* for appellant.

*Radcliffe & Wehmiller, Paul L. Martin* and *H. C. Henderson, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and CHAPPELL, District Judge.

DAY, J.

Jensen brought this action against the Gurley Grain Company to recover the value of some wheat which had been delivered to the grain company by Christensen. Jensen claimed the proceeds of the sale of the wheat by virtue of a chattel mortgage given by Christensen, the

owner of the land, on the growing crop which was planted during the pendency of an action of foreclosure. The Old Line Insurance Company was the purchaser at the subsequent judicial sale and intervened. The grain company filed an interpleader and paid the money to the clerk of the district court. The contest proceeded between Jensen, the mortgagee, and the Old Line Insurance Company, the purchaser at the judicial sale. The trial court found in favor of the mortgagee Jensen. The insurance company appeals.

"We may regard it as settled in this state that annual crops growing on the land do not pass to the purchaser at judicial sale. *Aldrich v. Bank of Ohiowa*, 64 Neb. 276; *Foss v. Marr*, 40 Neb. 559; *Monday v. O'Neil*, 44 Neb. 724." *In re Estate of Andersen*, 83 Neb. 8. See *Cooper v. Kennedy*, 86 Neb. 119. If the reason of the rule has vanished, it is a matter for legislative rather than judicial action. In the meantime, the rule obtains that the owner of the land sold at judicial sale is entitled, not to the use of the land, but to a temporary reentry for the sole purpose of harvesting his crop.

The appellant relies upon *Carlson v. Nelson*, 125 Neb. 5, but an examination of that case reveals that it has no application here. There it was urged that the judicial sale should not be confirmed for that there was a growing crop by reason of which the mortgagor was entitled to possession for another year. The mortgagor in that case was not entitled to the relief sought. In such a case, the mortgagor is not entitled to continue in possession because of growing crops but may reenter temporarily for the sole purpose of harvesting the crop. "The title to the annual crops growing on the lands does not pass to the purchaser on judicial sale, for the reason that the law regards them as personal property." *Aldrich v. Bank of Ohiowa, supra.*

The mortgagee of personal property has, of course, the same right as the mortgagor to the growing crop. The trial court found that the mortgage was a *bona fide* transaction, and that finding is supported by the evidence.

AFFIRMED.