First State Bank of Gothenburg, appellee, v. Pruden-
tial Insurance Company of America, appellant.

Filed November 20, 1936.   No. 29763.

*Quintard Joyner* and *Cook & Cook,* for appellant.

*D. E. Harper* and *R. E. Bannister, contra.*

Heard before Goss, C. J., Good, Eberly and Carter, JJ.,
and Messmore, District Judge.

Messmore, District Judge.

This is an appeal from the district court for Dawson
county in an action wherein that court ruled in favor of
appellee in that it was entitled to the annual crop growing
on the real estate at the time of the foreclosure of the
mortgage as against appellant as mortgagee and purchaser
of the real estate at foreclosure sale.

Appellant makes clear that the decision of the lower
court is supported by the rule announced by this court in
*Jensen v. Gurley Grain Co.,* 128 Neb. 266, 258 N. W. 549,
but contends that such rule follows a line of cases starting
with the Ohio case of *Cassilly v. Rhodes,* 12 Ohio, 88, and
followed in *Foss v. Marr,* 40 Neb. 559, 59 N. W. 122, *Mon-
day v. O'Neil,* 44 Neb. 724, 63 N. W. 32, and *Aldrich v.
Bank of Ohiowa,* 64 Neb. 276, 89 N. W. 772.

One of the contentions of appellant is that in both Ohio
and Nebraska the so-called appraisement law, which pro-
vides that property should not be sold at a judicial sale for

less than a certain percentage of its appraised value, constitutes the reason for the courts' decisions, and that the appraisal law is no longer on the statute books of Nebraska, and that, in so far as that statute was responsible for the holding in the earlier cases, it is now definitely and forever eliminated, criticizing this court for holding that growing crops are personalty for the purpose of a judicial sale.

The evidence shows the wheat was planted some time subsequent to October 9, 1934. Appellee and its tenant were defendants in the foreclosure suit. The eleven months' stay of sale would expire November 4, 1934, when appellant would be entitled to have an order of sale issued and the premises sold. The wheat would mature about June or July, 1935, nine or ten months after it was sown and eight or nine months after the stay of sale had expired. Under this set of facts appellant contends, in relating the time, that the tenant was entitled to his share of the wheat, but that appellee, the owner of the premises at the time the tenant sowed the wheat, would not be entitled to its share and that such landlord's share would go to the purchaser at foreclosure sale.

We believe that the rule as laid down in *Jensen v. Gurley Grain Co., supra,* does not discuss nor did such decision refer to the appraisement law long since done away with. What this court actually held in the last-cited case was that a mortgagor is not entitled to continue in possession of land after foreclosure sale because of growing crops thereon, but may reenter temporarily for the sole purpose of harvesting the crops. There is no inconsistency in this statement of the court. Such decision does not state that the purchaser is deprived of the use of the land under any circumstances, but does state specifically that the owner of the land at the time the crop was planted and after a foreclosure sale may reenter the land temporarily for the purpose of removing that crop, which is plain and explicit.

This brings us to the rule announced in *Jensen v. Gurley Grain Co., supra,* which followed the rule laid down in *Aldrich v. Bank of Ohiowa, supra,* to the effect that annual

crops growing on the land do not pass to the purchaser at foreclosure sale, and for the purpose of saving the debtor's rights thereto are regarded as personalty.

The argument of appellant and the criticism of the holdings of the Ohio court and this court on the question at issue are not sufficient, in our mind, to cause this court to change the rule, which has worked well. The lands of the state have been in use even through stays, moratoriums and the delays of lawsuits. It has lent increased income to the citizens of the state and is just and fair.

Appellant knew at the time the mortgage was made that the rule laid down in *Jensen v. Gurley Grain Co., supra,* was the law of the state. Thousands of mortgages have been taken with this knowledge. No apparent hardship has been worked as against those loaning money with a thorough understanding of the rule. No particular benefits greater than those as announced by the rule could accrue to the citizens of this state by a change therein. The argument of appellant was splendid and well put, but we are convinced that the equities of the rule as announced in the last-cited case are superior to and outweigh those that might be presented against it.

The judgment of the lower court is

AFFIRMED.