STEPHEN B. MILES, APPELLEE, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, APPELLANT.

285 N. W. 90

FILED MARCH 24, 1939. No. 30496.

*Quintard Joyner, Clinton B. Nasby* and *Mullen & Schepman,* for appellant.

*Weaver & Weaver, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is an action at law brought by Stephen B. Miles to recover a judgment against the Prudential Insurance Company of America for the conversion of an undivided two-fifths of a certain wheat crop sown in the fall of 1935 and harvested in the summer of 1936. A jury was waived and a trial had to the court, which resulted in a judgment for plaintiff for $935.43. Defendant appeals.

The record shows that on and prior to June 20, 1932, Joseph H. Miles was the owner of the land upon which the wheat in question was grown. On that date the Prudential Insurance Company, defendant herein, being the owner and holder of a real estate mortgage on the land, commenced its suit to foreclose the mortgage. A foreclosure decree was entered on October 17, 1932, in the amount of $26,879.50. A nine months' stay of execution was taken as provided by statute, and thereafter, on July 28, 1933, Joseph H. Miles filed a request for a moratory stay in accordance with section 20-21,159, Comp. St. Supp. 1933, which was granted on August 28, 1933. On August 18, 1933, Joseph H. Miles and wife conveyed the premises to their son, the plaintiff in this action. On January 6, 1936, defendant applied for a confirmation of the sale, the sale price being $24,000 which would leave a deficiency of $4,452.73. On February 10, 1936, the sale was confirmed

by the district court.  Deficiency judgment was waived, but the claim of the mortgagee to any rents was expressly reserved.

In granting the moratory stay on August 28, 1933, the court appointed one Bert C. Ranz as receiver to collect the rents and profits in accordance with the provisions of the order granting the stay.  On January 28, 1935, the receiver leased the premises to J. W. Dryer for a term commencing March 1, 1935, and ending February 29, 1936, which lease was duly approved by the court.  On January 30, 1936, the receiver filed his report showing a balance on hand, which the court directed to be paid to "the clerk of this court for the use of plaintiff, and he is further ordered to pay to the clerk of this court all other moneys, if any there be, in this matter, for the use of the plaintiff."

At the time of the confirmation of the sale on February 10, 1936, there were sixty-five acres of growing wheat on the land.  An agent of the defendant company collected $863.20 from the sale of the undivided two-fifths of the wheat, the same being the landlord's share of the crop.  The question to be determined is whether plaintiff or defendant is entitled to the wheat crop, or the value thereof.

It has long been the rule in this state that annual crops growing on the land do not pass to the purchaser at judicial sale, and for the purpose of saving the debtor's rights thereto, these annual crops will be regarded as personalty.  *Aldrich v. Bank of Ohiowa,* 64 Neb. 276, 89 N. W. 772; *First State Bank v. Prudential Ins. Co.,* 131 Neb. 730, 269 N. W. 816.

It is contended by defendant that the terms of the moratory statute, section 20-21,159, Comp. St. Supp. 1933, divest the mortgagor of any claim to rents after the mortgagee invokes it for his protection.  Even if true, the foregoing rule can have no application to the present case for the reason that the crop was harvested and sold long after the moratory stay had been terminated.  Except for the moratory stay, it would be conceded that mortgagor would be the owner of the landlord's share of the growing crop.

The terminating of the moratory stay thereupon placed the parties in the same position as before the granting of the stay. It seems to us, therefore, that on the confirmation of the sale, the defendant became the owner of the premises subject only to the right of reentry on the part of the mortgagor to care for and harvest the annual crops growing on the land. The mortgagee received all the rents collected during the period the moratory stay was in force. That is all that the moratory law gives him in lieu of his right to an immediate sale of the premises. Whenever the land was sold, whether at the termination of a moratory stay or without the invocation of this statutory right, it would be subject to the rule as to annual crops then growing on the land.

There is no evidence of any agreement as to the ownership of the growing crops nor does the court in its decree make any disposition of them. The defendant is in no better position than a purchaser foreign to the suit, and such a purchaser certainly would take title subject to the right of the mortgagor to reenter for the purpose of caring for and harvesting his annual crops. We must necessarily conclude that the landlord's share of the crops in question was rightfully held by the trial court to belong to the plaintiff.

AFFIRMED.