FEDERAL LAND BANK OF OMAHA, APPELLEE, V. MARTHA M.
DYMEK ET AL., APPELLANTS.

297 N. W. 896

FILED MAY 9, 1941. No. 31028.

E. W. Moehnert, for appellants.

Robert H. Mathew, Franklin L. Pierce, and Philip M. Wellman, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is an action by the Federal Land Bank of Omaha, plaintiff, against Martha M. Dymek and Lloyd Dymek, defendants, to foreclose a mortgage on 320 acres of land in Sherman county. Default of defendants was entered and foreclosure decreed for a debt of $8,743.92. The sheriff sold the mortgaged premises to plaintiff for $9,386.29. Defendants were granted a stay of execution for nine months. The only objection to confirmation of the sale was inadequacy of price, the reasonable value of the land as estimated by defendants being $15,000. The sale was confirmed and the sheriff directed to put the purchaser in possession, but defendants were permitted to reenter temporarily during 1940 for the purpose of harvesting any wheat which they had planted. From the order confirming

the sale and depriving defendants of possession, they have appealed.

It is argued on appeal that the trial court erred in confirming the sale and in refusing to permit defendants to retain possession on just and equitable terms conforming to public policy and to social and economic conditions.

The evidence has not been preserved for the purposes of the appeal. In absence of a bill of exceptions, there is nothing to show error in the proceedings and judgment of the district court. The law has been stated as follows:

" 'In the absence of a bill of exceptions containing the evidence, an order made by the district court confirming sale of real estate is presumed to be correct, and supported by sufficient evidence.' *Keeler v. Manwarren,* 61 Neb. 663, 85 N. W. 839." *Federal Farm Mtg. Corporation v. Hughes,* 137 Neb. 820, 291 N. W. 475.

"In such a case, the mortgagor is not entitled to continue in possession because of growing crops but may re-enter temporarily for the sole purpose of harvesting the crop." *Jensen v. Gurley Grain Co.,* 128 Neb. 266, 258 N. W. 549.

AFFIRMED.