JOSEPH F. HEATWOLE v. THOMAS S. GORRELL, et al.

1. CONTRACT; *Sum Named, a Penalty.* Where H. sells his business and good-will to G., and as a part of the same transaction executes a written instrument in which he says: "I, ——, bind myself in the sum of $500" that I will not engage in such business at the same place for the period of five years, *held*, that the sum named in the instrument is a penalty, and not liquidated damages; and for a breach of the agreement by H., G. may recover only his actual damages.

2. FIXED SUM, *When a Penalty, and not Liquidated Damages.* Whenever a party binds himself in a fixed sum for the performance or non-performance of something, without stating whether such fixed sum is intended as a penalty or as liquidated damages, and without regard to

the magnitude or the number of any breaches that may occur, or the amount of the damages that may ensue, and the contract is such that it may be partially performed and partially violated, such fixed sum must be considered as a penalty, and not as liquidated damages.

*Error from Crawford District Court.*

ACTION brought by *Gorrell & Mosteller* against *Heatwole*, to recover damages for the breach of a certain written contract Trial at the January Term, 1885, and judgment for plaintiffs for $500 and costs. The defendant brings the case here. The opinion states the facts.

*John Martin*, for plaintiff in error.

*John T. Voss*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Crawford county, by Thomas S. Gorrell and Louis M. Mosteller, partners as Gorrell & Mosteller, against Joseph F. Heatwole, to recover $500 for an alleged breach of the following instrument in writing, to wit:

"PITTSBURG, KANSAS, Feb'y 26, 1883.—I, Joseph F. Heatwole, of the city of Pittsburg and county of Crawford and state of Kansas, bind myself in the sum of five hundred dollars to Thomas S. Gorrell, Louis M. Mosteller, and James J. Avery, in the county and state above mentioned, that I will not engage in the business myself or allow my name to be used in company with anyone, in dealing in hardware and implements in the said Baker township, Crawford county, Kansas, for the period of five years from this date. If this agreement is performed on my part in good faith, this agreement to be null and void; otherwise to remain in full force.

"Witness my hand this 26th day of February, 1883.

(Signed) JOSEPH F. HEATWOLE."

The case was tried before the court and a jury, and the jury found a general verdict in favor of the plaintiffs and against the defendant for $500, and the court rendered judgment accordingly. The defendant brings the case to this court for review.

Several questions were raised in the court below, but the only question which needs to be considered in this court is, whether the sum of $500, mentioned in the foregoing instrument in writing, is a penalty or is liquidated damages. The plaintiff in error, defendant below, claims that it is a penalty, while the defendants in error, plaintiffs below, claim that it is liquidated damages. The court below did not directly decide the question, but submitted the same to the jury for their determination, and the jury found generally in favor of the plaintiffs below and against the defendant below, and therefore in effect found that the above-mentioned sum was liquidated damages, and not a penalty; and the court below sustained the verdict.

The foregoing instrument in writing was executed under the following circumstances: On February 26, 1883, the defendant, Heatwole, was engaged in business in Pittsburg, Baker township, Crawford county, Kansas, as a retail dealer in hardware. He desired to sell his business, including his stock in trade, and the plaintiffs desired to purchase the same, but upon the condition only that the defendant should enter into a penal bond in the sum of $500 that he would not again go into the hardware business at that place for five years. The plaintiff Gorrell testified on the trial, among other things, as follows:

"When Mosteller and myself first spoke to Heatwole about purchasing his stock of hardware, he agreed to execute to us a bond in the penal sum of five hundred dollars. . . .

"When I spoke to Mr. Heatwole about buying his stock of hardware, I told him I didn't want to buy it and he to stay in the business. He promised us he would go into a written bond in the penal sum ·of five hundred dollars he would not go into the business.

"Q. State whether or not that was part of the inducement? A. That was part of the inducement.

"Q. State whether or not you would have made this purchase if it had not been for the giving of the bond? A. No, sir; I don't think I would."

The purchase was made and the bond was given on February 26, 1883. Afterward, and about the last of September, 1884,

the defendant Heatwole again went into the hardware business at Pittsburg, Kansas; and on December 3, 1884, this action was commenced.

Was the foregoing instrument in writing correctly interpreted in the court below? We think not. Of course, in all cases of this kind the will and intention of the parties must govern; but from the language of the instrument in this case, and the circumstances under which it was executed, it cannot be supposed that the parties intended that the sum of $500 should be considered as liquidated damages, and not as a penalty. There was no expressed agreement that the defendant Heatwole should pay liquidated damages, or damages of any kind, or that he should pay anything; and evidently, if the parties believed each other to be honest, and each intended that the contract should be fulfilled, it was not expected or intended that the defendant should ever *pay* anything. The essence of the contract was, that the plaintiffs should purchase the defendant's business and his good-will for five years, and that he should not again for that period of time and at that place enter into that kind of business, and that during that period of time he should stand *bound* in the *penal* sum of $500, as a security for the performance of the contract on his part. This instrument was in terms a bond. The defendant in express terms says in the instrument: " I, ——, *bind* myself in the sum of $500," etc., and a bond of this character is always *prima facie* a *penal* obligation. (1 Suth. on Damages, 489.) And there is nothing in all this case tending to show that the present bond is not a penal obligation. But if it were doubtful whether this bond should be construed to be a penal obligation or a contract to pay liquidated damages, then the courts should and would construe it to be a penal obligation; for in that case exact justice could be done between the parties by giving to the aggrieved parties their exact damages — neither more nor less; while, on the other hand, if the instrument were held to be a contract to pay liquidated damages, great injustice might be done by compelling the party who executed the

*1. Contract; sum named, a penalty.*

instrument to pay to the other parties vastly more than their actual damages. In the present case the sum of $500, as fixed by the parties, was intended to cover every breach and all breaches for the entire period of five years, and it was to prevent the defendant from engaging in the business of dealing in any hardware or dealing in any implements, or allowing his name to be used in dealing in any hardware or in dealing in any implements, not only for the period of one day, or one week, or one month, or one year, but for the entire period of five years; and the said sum of $500 was considered as an ample and sufficient compensation, not only for a single breach of the contract for a single day in dealing in the smallest quantity of hardware or the smallest number of implements, but was considered as a sufficient compensation for all possible breaches or for an entire breach of the entire contract for the entire period of five years, and without reference to the amount of the stock of hardware or the amount of the stock of implements which the defendant might keep if he committed any breach. And where an absolute sum is fixed in a contract as a security against all breach or breaches of the contract, without reference to the magnitude of the breaches or the number thereof, and without reference to the amount of the actual damages which might ensue from such breach or breaches, whether great or small, and this where there might be several breaches, and each of a greater or less magnitude, and each followed by greater or less damages, such fixed sum cannot be considered as agreed or liquidated damages, but must be considered as a penalty. It is simply a penalty intended to cover every breach and all breaches; and to be recovered in proportion to the actual damages which may result from any breach or breaches, and is not liquidated damages, to be recovered in full for the slightest or most trivial or insignificant breach of the contract; and where there may be a doubt as to whether the sum fixed is a penalty or is liquidated damages, the courts will construe it to be a penalty.

2. Fixed sum, when a penalty, and not liquidated damages.

Mr. Pomeroy, in his work on Equity Jurisprudence, uses the following language:

"Whether an agreement provides for the performance or non-performance of one single act, or of several distinct and separate acts, if the stipulation to pay a certain sum of money upon a default is so framed, is of such a nature and effect, that it necessarily renders the defaulting party liable in the same amount at all events, both when his failure to perform is complete and when it is only partial, the sum must be regarded as a penalty, and not as liquidated damages." (1 Pomeroy's Eq. Jur., § 444.)

The following cases we think support this doctrine: *Davies v. Penton*, 6 Barn. & Cres. (Eng.), 216; *Horner v. Flintoff*, 9 Mees. & Wels. (Eng.), 678; *Perkins v. Lyman*, 11 Mass. 76; *Ex parte Pollard*, 2 Lowell's Dec. 411; same case, 17 Nat. Bank Reg. 229; *Whitfield v. Levy*, 35 N. J. L. 149. See also, as tending to support the foregoing doctrine, the following: *Hamaker v. Schroers*, 49 Mo. 406; *S. & C. Rld. Co. v. Calahan*, 56 Ga. 331; *Jemmison v. Gray*, 29 Iowa, 537; *Dullaghan v. Fitch*, 42 Wis. 679; *Lyman v. Babcock*, 40 id. 504; *Taylor v. Mercella*, 1 Woods, (U. S. C. C.,) 302; *Cury v. Larer*, 7 Pa. St. 470; *Shreve v. Brereton*, 51 id. 175; *Lampman v. Cochran*, 16 N. Y. 275; *Niver v. Rossman*, 18 Barb. 50; *Beale v. Hayes*, 5 Sandf. 640.

There are a few cases which seem to assert a contrary doctrine: *Streeter v. Rush*, 25 Cal. 67; *Cushing v. Drew*, 97 Mass. 445; *Grasselli v. Lowden*, 11 Ohio St. 349. In the California case, there is an able dissenting opinion by Mr. Justice Sawyer. In the Massachusetts case, the material words are, "do agree to *pay*," while in the present case the material word is "*bind*." In the Ohio case, the material words are that the party obligating himself "*agrees* for himself and representatives *to pay* to the said John Lowden [the other party], or his representatives, the sum of $3,000 *as liquidated damages*." The Ohio decision is probably correct, and possibly also the Massachusetts decision, and yet we are not entirely satisfied with that decision; nor are we satisfied with the California

decision; and so far as any of these decisions differ from the views we have herein expressed we cannot agree with them.

It would be an injustice in this case to require the defendant to pay the full sum of $500 for the breach of his obligation for only about two months. That sum was intended as a full compensation for every breach and all breaches which he could possibly commit during the entire period of five years. The defendant fulfilled his obligation for about nineteen months, and then violated the same for only a little more than two months, when this action was commenced; and shall he pay the entire sum of $500 for a two-months breach, when that sum was considered and intended as a sufficient compensation for a five-years breach? Of course if the sum of $500 is to be considered as liquidated damages, and not as a penalty, then the plaintiffs would be entitled to recover the entire amount, although the breach might not have continued more than one day, and this day might be the last day of the five years as well as the first or any intermediate day; and the breach might be only a slight and technical breach — the inadvertent dealing as a clerk or otherwise in a small quantity of hardware or a few implements. Such a result would be grossly unjust. If, however, we should consider the said sum as only a penalty, then the defendant would be required to pay only a fair compensation in damages for the breach of his obligation; and a fair compensation is all that the plaintiffs are in justice entitled to claim. It is the injustice that must necessarily ensue in many cases, from construing fixed sums in contracts to be liquidated damages, rather than penalties, that has caused courts to generally construe such sums to be only penalties; and courts will always construe such sums to be penalties unless it is clear that it was the intention of the parties that such sums should not be considered as penalties, but as liquidated damages. Such does not appear to have been the intention of the parties in this case. Everything in the present case tends to show that said sum of $500 was intended as a penalty, and not as liquidated damages. About

the only ground upon which it is claimed that the sum mentioned in the present contract should be considered as liquidated damages, and not as a penalty, is the claim that for a breach of the contract the damages would be uncertain and would be difficult of proof. Now the damages in this case are not more uncertain than the damages are in many other kinds of cases where the law unquestionably gives damages, and not more difficult of proof than they are in many of such cases. Take, for instance, the action of slander, or an action for a breach of promise to marry, or an action for a breach of warranty concerning property where the purchaser retains the property, or many other cases which may be imagined. In the present case, proof could be introduced concerning the length of time during which the defendant had been in business in violation of his contract, the amount of his stock, the number and amount of his sales, who were his customers, the loss of the plaintiffs' sales, etc.; and from such facts and others the jury might determine with a sufficient degree of accuracy the amount of the damages.

It is our opinion, from the authorities and from reason, that whenever a party *binds* himself in a fixed sum for the performance or non-performance of something, without stating whether such fixed sum is intended as a penalty or as liquidated damages, and without regard to the magnitude or the number of any breaches that may occur, or the amount of the damages that may ensue, and the contract is such that it may be partially performed and partially violated, such fixed sum must be considered as a penalty, and not as liquidated damages.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.