THE CIMARRON LAND COMPANY v. BELLE BARTON.

BOND TO CONVEY LAND — *Breach* — *Measure of Damages.*    The Cimarron Land Company entered into a written bond or contract with Mrs. Belle Barton as follows: "Know all men by these presents, that the Cimarron Land Company, a corporation duly organized under the laws of the state of Kansas, acknowledges that the said Cimarron Land Company is indebted to Mrs. Belle Barton, of the town of Cimarron, Kas., in the sum of $5,000, the payment of which we bind said corporation to well and truly pay as hereinafter provided.— H. H. UN- LAND, *Vice President.*    Attest: C. H. BEERY, *Secretary.*    [Corporate seal.]"    The written bond or contract was conditioned that the com- pany, would purchase block 43, in the Cimarron addition to the city of Cimarron, and convey the same by warranty deed to Mrs. Barton on or before January 1, 1888, upon the payment of $100.    *Held,* That the amount stated in the bond or contract was nothing more than a penalty.    For a breach of such bond or contract, the recovery must be limited to the actual damages proved.

*Error from Gray District Court.*

ON the 6th day of August, 1888, *Mrs. Belle Barton* commenced her action against the *Cimarron Land Company* to recover the sum of $5,000 upon the following written bond:

"Know all men by these presents, that the Cimarron Land Company, a corporation duly organized under the laws of the state of Kansas, acknowledges that the said Cimarron Land Company is indebted to Mrs. Belle Barton, of the town of Cimarron, Kas., in the sum of $5,000, the payment of which we bind said corporation to well and truly pay as hereinafter provided.          H. H. UNLAND, *Vice President.*

"Attest: C. H. BEERY, *Secretary.*

[CORPORATE SEAL.]"

The condition of the above obligation is as follows, to wit:

"Whereas, the Cimarron Land Company did, on the 30th day of November, 1885, sell and convey by warranty deed block 44, in the Cimarron Land Company's addition to the city of Cimarron, Kas., to Mrs. Belle Barton, of Cimarron, Kas.; and whereas, the Cimarron Land Company was mistaken as to the boundaries of the said block 44, and represented to the said Mrs. Belle Barton that block 43 was included in block 44, and the said Mrs. Belle Barton, believing and relying on the truth of the representation made by said Cimarron Land Company, purchased said block 44, and, under and by the direction of the duly-authorized agent of the said Cimarron Land Company, took actual possession of block 43, and made lasting and valuable improvements thereon of the value of $3,500; and whereas, the Cimarron Land Company were not the owners of block 43: now, the Cimarron Land Company agrees to purchase the said block 43, and convey the same by warranty deed to Mrs. Belle Barton, on the payment of the $100 by Mrs. Belle Barton to the agent of the said land company, on or before the 1st day of January, A. D. 1888, and if said conditions are performed, then this obligation shall be null and void; otherwise of full force and effect.

"In testimony whereof, we have hereunto set our hands and caused the seal of the said corporation to be affixed, at

the office of the said corporation in Cimarron, Kas., the 8th day of October, A. D. 1887.

[CORPORATE SEAL.] H. H. UNLAND, *Vice President.*
C. H. BEERY, *Secretary.*

"STATE OF KANSAS, COUNTY OF GRAY, *ss.*

"H. H. Unland, being duly sworn, on his oath says, that he is vice president of the Cimarron Land Company, and that the president of the corporation is absent from the state, and that he, the said H. H. Unland, by virtue of his office, is acting as the president of the said Cimarron Land Company. H. H. UNLAND.

"Subscribed and sworn to before me, this 8th day of October, A. D. 1887.

[NOTARY SEAL.] M. S. BEST, *Notary Public.*
(Commission expires 4th of August, 1891.)"

Trial before the court, on the 13th day of July, 1889, a jury being waived. Judgment was entered on the 23d of December, 1889, in favor of *Mrs. Belle Barton,* and against the *Cimarron Land Company,* for $5,000, with costs. The *Land Company* excepted, and bring the case here.

*A. J. Bryant,* for plaintiff in error:

The court below erred in assessing the amount of recovery in the sum of $5,000. Not a word of testimony was offered by defendant in error to prove actual damages. If the damages were unliquidated, by the terms of the instrument, then the eighth and twelfth findings of the court were entirely unsupported by any evidence. See *Heatwole v. Gorrell,* 35 Kas. 693; *Condon v. Kemper,* 47 id. 126. See, also, *Stewart v. Noble,* 1 Greene, 27; *Sweem v. Steele,* 5 Iowa, 352; *Beard v. Delaney,* 35 id. 16; *McIntosh v. Johnson,* 31 Pac. Rep. (Utah) 452–454. See, further, *Fisher v. Bidwell,* 27 Conn. 363; *Spear v. Smith,* 1 Denio, 464; *Streeter v. Rush,* 25 Cal. 67; *Scofield v. Tompkins,* 95 Ill. 190.

The opinion of the court was delivered by

HORTON, C. J.: The trial court rendered judgment in favor of Mrs. Belle Barton, the plaintiff below, and against

the Cimarron Land Company, for the sum of $5,000, without any evidence showing or tending to show the actual damages which Mrs. Barton sustained from the breach of the written bond or contract sued upon. The bond or contract is clearly a penal one, and the $5,000 cannot be considered as liquidated damages. The recovery upon the bond must be limited to the actual damages sustained. (*Heatwole v. Gorrell*, 35 Kas. 692; *Condon v. Kemper*, 47 id. 126, and cases cited.) Therefore, as the bond shows that the parties fixed the sum of $5,000 as a penalty, to recover thereon any damages which might result from a breach thereof, the trial court committed error, in the absence of evidence of actual damages, in rendering judgment for $5,000.

It is also claimed that the petition is defective in its allegations. As the petition was not attacked by motion or demurrer, and as an answer was filed, of course, upon the objection to the introduction of evidence, a liberal rule of construction must prevail. But as the case must go back for further proceedings, it will be advisable for the plaintiff below to state more clearly the averments upon which she relies to recover.

Other errors are alleged, but as a new trial is to be had these need not be commented upon. The judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.