RAY HULL, *Appellant,* v. B. D. ALLEN, *Appellee.*

No. 16,787.

### SYLLABUS BY THE COURT.

1. CONTRACTS—*Advancements—Forfeiture.*   A purchaser of land who makes a deposit of money, under a written contract that if the balance of the consideration is not paid as agreed upon the deposit will be forfeited, can not recover the deposit if the consideration is not paid and the contract carried out because of his fault.

2. ——— *Waiver of Performance of Conditions.*   Where the contract provided that the seller was to furnish an abstract of title within a stated time, and that if he did not furnish the abstract, together with a warranty deed, in accordance with the agreement the deposit should be returned to the purchaser, and where before the time for furnishing the abstract the purchaser instructed the seller not to furnish it, and notified the seller that he would not carry out the contract, he thereby waived the furnishing of the abstract, but was not relieved from the obligations of the contract.

3. EVIDENCE—*Parol or Extrinsic—Waiver of Performance of Contract.*   Testimony showing a waiver of performance is not inadmissible on the ground that it varies or modifies the written contract.

Appeal from Sedgwick district court. Opinion filed March 11, 1911. Affirmed.

*E. L. Foulke,* and *C. A. Matson,* for the appellant.

*Kos Harris,* and *V. Harris,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover $200 deposited as a forfeit on an agreement to buy land. On December 8, 1906, B. D. Allen agreed to sell twenty-five acres of land to Ray Hull for $3000, $200 to be paid in cash and the balance of the consideration to be paid when conveyance was made and an abstract showing good title was furnished, which was to be sent to Hull, at Burnside, Ill., where he resided. It was stipulated that the $200 which was paid to Allen was to be forfeited if Hull failed to carry out the contract and pay the balance of the consideration, but that if Allen failed to furnish a warranty deed and an abstract showing good title to the land, in accordance with the agreement, the $200 was to be returned to Hull. The abstract was not sent to Hull at Burnside, Ill., and he therefore claimed a recovery of the 200-dollar deposit. Allen, on the other hand, claimed that Hull induced him to withhold the abstract, and that as Hull refused to carry out the agreement and pay for the land the $200 had been forfeited.

The testimony on which a verdict was based is that the day following the execution of the agreement Hull directed Allen not to send the abstract and the papers to Illinois until his father and mother, who were to furnish the money, came from Illinois and inspected the land, and that they were expected in about two weeks. It appears that they did come and look at the land, but according to Allen's testimony they did not sanction the purchase made by Ray Hull, and he afterward notified Allen that he would not take or pay for the land and that Allen need not send the papers to

Hull v. Allen.

Illinois. There was conflicting testimony on some of these matters, but the conflict was settled in favor of Allen by the verdict of the jury. Hull appeals, and insists that the testimony relating to the inspection of the land by his father and as to the latter's advice and nonapproval of the purchase, as well as his (appellant's) instructions not to send the abstract, amounted to an alteration of the contract, and that, as it was one relating to real estate, the evidence was not competent. This claim is without merit. The testimony did not vary the written contract, but only related to its performance. The appellant in effect says: "You did not perform your agreement as to furnishing an abstract, and therefore you must return the $200 I have paid you." The appellee responds: "You waived performance of that condition by directing that the abstract be not furnished, and hence I am not in default." The contract is not varied by his actions, but performance of that condition of the contract is excused. The furnishing of an abstract or other like condition may be waived; and when waived, as in this case, the appellant could only put appellee in default by a performance or offer of performance on his own part. He can not induce appellee to desist from action, and then treat the inaction as a default and a basis of recovery. (*McAlpine v. Reicheneker*, 56 Kan. 100; *Morrison v. Terrell*, 27 Kan. 326; *Soper v. Gabe*, 55 Kan. 646; *Painter v. Fletcher*, 81 Kan. 195; *Poheim v. Meyers*, 9 Cal. App. 31.)

It was stipulated in the contract that if appellant failed to pay the balance of the consideration he would forfeit the $200 which he had advanced. He is now seeking to abandon the contract, and reclaim the money put up as a forfeit, when he is himself in default, whereas a right to rescind and reclaim only vests in an innocent party. (24 A. & E. Encycl. of L. 647.) The fact that he waived the furnishing of the abstract did

14—84 KAN.

not destroy the contract nor relieve him from the obligation which he had assumed under it. The appellant can not recover money paid under the contract if appellee was not at fault, and as appellant excused or waived the condition precedent incumbent on appellee the latter was not actually in default. It was appellant's fault that the contract was not carried out, and hence the $200 can not. be recovered.

There is a further contention that appellant was not allowed to show the contents of letters said to have been written by himself and counsel, although he offered to prove a notice to produce the letters and noncompliance with the demand. · It does not appear that appellant took the steps prescribed by section 365 of the code to obtain an inspection or the production of the papers. (*Railway Co. v. Burks,* 78 Kan. 515; *The State v. Hinkley,* 81 Kan. 838, 846.) Nor did he avail himself of the opportunity afforded of requiring the appellee to appear as a witness and bring with him the letters in question. (Civ. Code, § 323.) Nor yet did he show that the letters themselves were lost or destroyed, or inaccessible, and therefore parol proof of their contents was not admissible.

There is criticism of the instructions, but we find no prejudicial error in them. The judgment is affirmed.