No. 19,471.

### J. I. KUTER, *Appellee*, v. THE STATE BANK OF HOLTON, *Appellant.*

SYLLABUS BY THE COURT.

CONTRACT—*Breach—Liquidated Damages—Penalty.* Plaintiff sued the bank for money received to his use. The answer was a general denial. At the trial, the bank admitted receiving $2000 from the plaintiff under a written contract, which is offered in evidence, and by which he and another party agreed to exchange properties. The contract contained a provision fixing the measure of damages for a breach of the contract at $2000, and authorizing the bank in case of a default to pay the whole sum to the injured party. The bank admitted that after the time fixed in the contract for its fulfillment, plaintiff demanded and was refused repayment. *Held:*

1. Although the $2000 deposited by the plaintiff is a penalty and not liquidated damages, the contract is not void, and, before plaintiff could recover, it was incumbent upon him to show that the other party had no claim upon the fund for actual damages.

2. In the absence of such a showing, the bank had the right to hold the fund as security for any damages the other party might have sustained by breach of the contract.

3. It was error to refuse to sustain the demurrer to plaintiff's evidence.

Appeal from Jackson district court; OSCAR RAINES, judge. Opinion filed November 6, 1915. Reversed.

*Guy L. Hursh,* and *E. R. Sloan,* both of Holton, for the appellant.

*E. D. Woodburn,* and *F. T. Woodburn,* both of Holton, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff sued to recover the sum of $2000 which he alleged the bank received of him to his use. The petition alleged a demand for repayment and the bank's refusal to comply. The defendant answered with a general denial. The court gave judgment in plaintiff's favor, from which defendant appeals.

At the trial the plaintiff called one of the bank's officers as a witness who testified that plaintiff left the $2000 with the

bank; that he was not indebted to the bank; and that he had demanded the return of the money. On cross-examination the witness stated that the deposit was made in accordance with the terms of a written contract which the defendant thereupon offered in evidence. The witness stated further that the bank had no claim or right to hold the money except as the contract provides. The plaintiff was also a witness and testified that the money was sent to the bank about December 1, 1912, and that the demand was made about December 28, 1912. On cross-examination he stated that the money was sent to the bank under the terms of the contract. No further testimony was offered by either side. The court overruled defendant's demurrer to the evidence and gave judgment in favor of the plaintiff.

The contract was dated November 29, 1912. By its terms plaintiff agreed with one Richards to exchange a farm, a gasoline engine and a feed-grinder for a stock of merchandise in Holton. The exchange was to be completed and the contract complied with on or before January 10, 1913. To set forth the entire contract would require almost five pages of this volume. It contains more words than would have been necessary for the consolidation of two railroads. It bound the parties to perform many things in connection with the exchange of properties, such as requiring plaintiff to furnish an abstract, Richards to take an invoice of the stock in a particular manner and assign the insurance; and divers and sundry other things of more or less importance were required of the parties. It provided that the contract should be placed in the bank and that each of the parties should deposit at the same time $2000, which sum should be the measure of damages suffered by either party by reason of the failure of the other fully to perform his part; and it expressly directed the bank, in the event of such failure, to pay to the other the $2000 deposited by the delinquent party. If the contract meant what it said, the failure of the plaintiff to pay the interest upon certain mortgages until the delivery of the deed, or his failure to furnish an abstract, or to deliver the gasoline engine, authorized the bank to pay his $2000 to Richards. If Richards purchased any new merchandise while the invoice was in progress, or failed to assign the insurance, or was delinquent in any one of a half-

dozen other matters mentioned in the contract, his $2000 was to be paid at once and forthwith to the plaintiff.

The trial court correctly ruled that the $2000 deposited by the plaintiff is a penalty and not liquidated damages. (*Condon v. Kemper*, 47 Kan. 126, 27 Pac. 829; *Land Co. v. Barton*, 51 Kan. 554, 33 Pac. 317; *Railroad Co. v. Gaba*, 78 Kan. 432, 97 Pac. 435; *Cunningham v. Hill* 80 Kan. 706, 102 Pac. 1102; *Evans v. Moseley*, 84 Kan. 322, 114 Pac. 374; *Benfield v. Croson*, 90 Kan. 661, 136 Pac. 262.)

The court further held that, in so far as it authorized the bank to pay the money to Richards, the contract is void and constitutes no defense to an action by plaintiff to recover the money. In this respect the court was in error. While the provision attempting or purporting to liquidate the damages is void, the contract is not void, and before plaintiff could recover from the bank it was incumbent upon him to show that Richards had no claim upon the bank for actual damages occasioned by plaintiff's default. This might have been shown by evidence that the contract was fully performed on his part or that it had been mutually abandoned. The bank, by the terms of the contract under which it accepted the deposit, had the right to hold it so long as Richards had any claim upon it, for it was placed in the bank for his benefit as well as that of the plaintiff. The plaintiff could have joined Richards as a defendant and required him to set up any claim he had to the fund. In such case if Richards had made no defense the bank could have had none.

In *Condon v. Kemper*, 47 Kan. 126, 27 Pac. 829, upon which plaintiff relies, the party injured by the breach of the contract was permitted to recover, in an action on the contract, $100, his actual damages, although the stipulation in the contract that the delinquent party should pay $500 was held void as a penalty. In this case the bank had the right to retain the whole sum as security for any damages Richards sustained by any default of the plaintiff. It would be liable to the plaintiff for any balance remaining in its hands; but until the plaintiff showed full performance or a release or abandonment of all claims to the fund by Richards, no action could be maintained by plaintiff to recover the money.

"The distinction between a penalty and liquidated damages, briefly stated, has been said to be that the former is a security for, and the latter an amount to be paid in lieu of, the performance of the act to be done." (19 A. & E. Encycl. of L. 396.)

Richards has a right to look to this $2000 to reimburse him for any damage he has sustained on account of the plaintiff's failure to comply with the contract. Until it is established that he was not damaged, or if he was, that such damage has been satisfied, the bank has a right to retain the money. On the other hand, when it is established that Richards has sustained no damage or that any he sustained has been satisfied the fund must be returned to the plaintiff.

The trial court erred in refusing to sustain the demurrer to plaintiff's evidence, and the judgment is reversed with directions to render judgment in defendant's favor.

PORTER, J. (dissenting) : The action is for money had and received to the plaintiff's use. The bank answered by a general denial. It is true, the contract offered in evidence as a defense to the action is not void except so far as it attempts to fix $2000 as the measure of damages sustained by Richards for any breach of plaintiff's contract, and to authorize the bank to pay it to Richards. It is absolutely void in these respects. (*Condon v. Kemper*, 47 Kan. 126, 27 Pac. 829, and cases cited in the opinion.) If the bank intended to rely for a defense upon the possibility that Richards might have some claim against it for damages, it could have relieved itself of all liability as well as all necessity for further appearance in the action and from further costs by simply depositing the money in court, and asking that Richards be made a party and required to set up any claims he might have to the fund, and disclaiming its right to hold any portion of it. On the contrary, it assumed the burden of defending itself and relied solely upon its right to retain the money and to pay the whole of it to Richards unless the contract was fully performed by the plaintiff.

The exchange of properties according to the contract was to have been completed on or before January 10, 1912. Plaintiff demanded the return of his money January 28, 1912. The action was not commenced until November 28, 1912, eleven months after the contract was made. No evidence was offered

Kuter v. Bank.

nor suggestion made that Richards had in fact suffered or claimed damages in any sum against the plaintiff. So far as the record discloses the contract had been mutually abandoned by the parties.

The majority opinion is to the effect that the provision for the payment of $2000 is not void except so far as it attempts to fix the measure of damages, and in support of this distinction it is suggested that the courts always permit the injured party to sue upon the contract and recover his actual damages, as was done in *Condon v. Kemper*, supra, where the $500 fixed as damages was held to be a penalty, but Condon was permitted to recover $100. While it is true in that case the party injured by the breach was allowed, in an action upon the contract, to recover his actual damages, the provision of the contract fixing the damages at $500 was held to be void. It can not be said that he recovered upon that clause of the contract. The law gives any party to a contract the right to recover the actual damages he sustains by the failure of the other party to perform, without anything being said in the contract that he shall have damages in case the contract is broken. The clause in the contract upon which the bank based its sole defense is void. A stipulation of this nature in a contract can add nothing to the right to recover for a breach; and it is not necessary in order to preserve the right to recover damages for the courts to indulge the fiction that the stipulation, though void and unenforceable for the only purpose for which it was intended, still possesses some virtue. It is void for all purposes. The bank can not be heard to set up the claim that it has the right to retain the fund as collateral security for such damages as plaintiff may be liable for to Richards. It admits that its only authority for retaining the money is by the terms of the contract. It failed to have Richards brought into the action, and as against the plaintiff it set up no valid defense.

Mr. Justice BURCH authorizes me to say that he joins in this dissent.