No. 20,037.

PHILLIP WENSLER and VIOLA WENSLER, *Appellants*, v. THOMAS TILKE, *Appellee*.

### SYLLABUS BY THE COURT.

1. VENDOR AND PURCHASER — *Default of Purchaser — Abandonment of Contract—No Recovery of Payments Made.* A purchaser of real property who fails to make the payments provided for in his contract, and who, being requested by his vendor to either make the payments or move off the property, fails to make the payments, abandons his contract, and moves off the property, can not recover from his vendor any part of the purchase money he has paid.

2. SAME. Such a purchaser of real property is not entitled to the crops growing thereon at the time he leaves the premises.

Appeal from Geary district court; ROSWELL L. KING, judge. Opinion filed March 11, 1916. Affirmed.

*Lee Monroe,* of Topeka, and *W. S. Roark,* of Junction City, for the appellants.

*James V. Humphrey,* and *Arthur S. Humphrey,* both of Junction City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiffs seek to reform a contract for the purchase of real property and to recover money paid on the purchase price. Judgment was rendered in favor of the defendant on a demurrer to the plaintiffs' evidence. The plaintiffs appeal.

September 29, 1909, the plaintiffs and the defendant signed a simple written contract for the purchase of real property, by which the plaintiffs were to pay the defendant $45 per acre for 200 acres of land. The first $1000 was paid as provided in the contract. Semiannual interest at six per cent was to be paid on the remainder of the purchase price. The plaintiffs went into possession of the land. Later the defendant caused a survey to be made, which revealed the fact that there were 194.52 acres in the tract sold. A new contract was drawn to correct the statement concerning the number of acres sold. By the terms of the new contract time was made the essence of the contract, and provision was made for forfeiture in case of nonfulfillment of the contract by the plaintiffs. The plaintiffs allege that these provisions were fraudulently inserted in the new contract. The plaintiffs defaulted in the payment of interest and in the payment of taxes on the land. After default in the first interest payment, in December, 1910, the defendant and Philip Wensler had a conversation, in which Wensler told the defendant that he could not then pay all the interest due. The defendant requested additional security for the interest. This was refused. Wensler was then told by the defendant that if he could not "pay it all, unless you give me a mortgage on your stock and wheat crop, you will have to move." Wensler testified that he supposed Mr. Tilke would be more than glad to receive the payments; that he would have been "willing to have remained on it and tried to have paid it out if he had let me stay"; and that they left because they were told to leave by the defendant. Viola Wensler testified that in February,

1911, the defendant came to the farm while the men were away and told her that "we had his land and we had n't paid him his money, and we had to get out, and I told him, yes, and he had our thousand dollars, too." March 24, 1911, before the second installment of interest became due, the plaintiffs vacated the premises while the defendant, Tilke was in Texas, and went upon other land rented in February by them. There was some evidence that the plaintiffs had other reasons for leaving besides being ordered off the land. On cross-examination Phillip Wensler said, "I made up my mind that it was n't hardly worth keeping," and "I saw at that time that I had got stung good and proper." When the plaintiffs left the premises they left 30 acres of wheat growing thereon, which was harvested by the defendant, and from which he received 289 bushels of wheat.

The plaintiffs contend that they should have returned to them a portion of the $1000 paid by them, and the proceeds of the crop of wheat left by them growing on the premises. They argue that the second contract was procured by the fraud of the defendant's agent, that it is therefore not binding, and that their rights should be determined under the first contract. The first contract did not provide for forfeiture nor make time the essence of the contract. The defendant contends that the plaintiffs voluntarily signed the second contract, that no fraud was practiced on them, that the second contract is substantially the same as the first, and that they voluntarily abandoned the contract and left the premises.

1. Did the plaintiffs voluntarily abandon the land and their contract for the purchase of the same? If they did, the changes made in the contract at the time the second contract was signed are immaterial. The evidence clearly shows that the option of complying with the contract was always with the plaintiffs; that the defendant was ready at all times to receive his payments and complete the contract; but that upon the plaintiffs' failure to comply with their contract the defendant insisted on having possession of the premises. The plaintiffs failed to pay the interest, to pay the taxes on the land, and moved away on the request of the defendant that they pay the interest or move off. This shows a voluntary abandonment of the land and of the contract on their part.

In *Hillyard v. Banchor*, 85 Kan. 516, 118 Pac. 67, this court said:

"It is a general rule that a purchaser of land who has made an advance payment and then failed to fulfill his contract without default on the part of the vendor can not recover the amount so paid." (Syl. ¶ 4.)

The contract in that case contained no express provision of forfeiture. This court there quoted from *Ketchum v. Evertson*, 13 Johns. (N. Y.) 358, and from *Hansbrough v. Peck*, 72 U. S. 497, 506, 18 L. Ed. 520, language which conclusively shows that the plaintiffs in this case can not recover under their pleadings and the evidence introduced by them. (*McAlpine v. Reichenaker*, 56 Kan. 100, 42 Pac. 339; *Roberts v. Yaw*, 62 Kan. 43, 61 Pac. 409; *Nason v. Patten*, 88 Kan. 472, 129 Pac. 138; *Long v. Clark*, 90 Kan. 535, 135 Pac. 673.)

2. The plaintiffs contend that they are entitled to an accounting and reimbursement for the wheat crop left on the land when they moved away. The defendant and the plaintiffs were not landlord and tenants; they were vendor and purchasers. In 39 Cyc. 1627, under the title "Vendor and Purchaser," this language is found:

"As to the ownership of crops subsequently grown the relation of a vendor and a purchaser in possession under a contract of sale is said to be analogous to that of landlord and tenant."

In 24 Cyc. 1071, under the title "Landlord and Tenant," we find this:

"Where a tenant before the expiration of his term surrenders to the landlord, or by breach of condition forfeits his lease, and the landlord re-enters, the latter is entitled to the growing crops upon the land, and no right or title therein remains in the tenant."

In 1 Tiffany or Real Property, § 56, it is stated that a lessee has no right to the annual crops if he himself terminates the tenancy. (See, also, § 224.) There is nothing contrary to this principle in *Story v. Lang*, 87 Kan. 727, 731, 125 Pac. 72, cited by the plaintiffs. The plaintiffs in the present action abandoned their contract and terminated their interest in the land, and were not entitled to the crops growing on the lands when they left.

This is not an action on the part of the defendant to enforce a forfeiture under the provisions of the last contract. It

is an action by the plaintiffs to recover the money paid by them after they had failed to comply with the terms of their contract; be that contract either the first or second one signed. They can not recover under either.

The judgment is affirmed.