No. 23,267.

J. A. BENTLEY, *Appellant*, v. THOMAS M. KEEGAN et al., *Appellees.*

SYLLABUS BY THE COURT.

1. VENDOR AND PURCHASER—*Sale of Land—Time Essence of Contract—Default of Vendee—Forfeiture of Initial Payments.* One who purchases real property under a written contract in which time is made the essence thereof, and makes the initial payment but fails to make the final payments at the time specified, is not entitled to the return of any part of the initial payment upon cancellation of the contract by the vendor, where the contract provides that, on failure of the purchaser to make the final payments at the proper time, the initial payment shall be retained by the vendor as liquidated damages.

2. SAME—*Delay in Obtaining Abstract of Title—Delay Chargeable to Purchaser.* Where the purchaser of real property undertakes to satisfy the objections made by him to an abstract of title to the property, delay caused by him in satisfying those objections and in examining the abstract cannot be charged against the seller.

3. SAME—*Conflicting Evidence—Findings of Fact Conclusive.* The rule followed, that, where from the evidence reasonable minds may reach different conclusions, the findings of the triers of fact are conclusive.

4. SAME—*Vendee's Objection to Abstract Not Valid.* The fact that an abstract of title to real property fails to show that the seals of notaries public taking acknowledgments to instruments affecting the title were attached to the instruments is not a valid ground for objecting to the abstract where the instruments were recorded more than ten years prior to the time that the abstract is furnished.

5. SAME—*Tender of Abstract Sufficiently Pleaded.* A tender of an abstract of title to real property was sufficiently pleaded.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed November 12, 1921. Affirmed.

Bentley v. Keegan.

*E. F. Murphy, E. E. Euwer,* both of Goodland, and *Louis Vogt,* of Burlington, Colo., for the appellant.

*George D. Freeze,* of Goodland, and *W. J. Gregg,* of Frankfort, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In this action, the plaintiff seeks to compel the specific performance of a contract for the conveyance of real property. Judgment was rendered in favor of the defendant, Thomas M. Keegan; he was permitted to retain $1,000 that had been paid as a part of the purchase price for the land, and his title thereto was quieted. The plaintiff appeals.

The contract, which was in writing, provided that in consideration of the payment of $4,800, the property should be conveyed by Thomas M. Keegan to the plaintiff. One thousand dollars of that amount was paid at the time the contract was signed, November 25, 1919, and was to be forfeited at the option of Thomas M. Keegan and be retained by him in full satisfaction and liquidation of all damages sustained by him in the event that the plaintiff failed to comply with the contract. The transaction was to be completed March 1, 1920, by the plaintiff paying $1,800 and giving a mortgage on the land for $2,000. Keegan was to execute a warranty deed conveying the land to the plaintiff, and the deed was to be placed in escrow until the plaintiff complied with his part of the contract. An abstract of the title was to be furnished by Keegan showing a good and merchantable title. Time was made the essence of the contract. A deed, dated March 1, 1920, was signed by Thomas M. Keegan and his wife and was placed in escrow about the time the contract was executed. An abstract of the title was furnished by Thomas M. Keegan to the plaintiff, but there was delay in furnishing it. The plaintiff received it on or before February 3, 1920. Objection was made that it had not been brought down to date. The plaintiff did not return it to Thomas M. Keegan, but sent it direct to an abstractor to be brought down to date and wrote Keegan that the cost thereof would be charged to the latter's account. The continuation was made, and the abstract was returned to the plaintiff, but instead of examining it for himself to ascertain its condition and the condition of the title, he sent it to either a person in

Nebraska who was purchasing the land from the plaintiff, or to that person's attorney. The abstract was then examined by the attorney for that purchaser, objections were made to it, and a new abstract was demanded about February 13, 1920. The plaintiff on February 18, 1920, notified Thomas M. Keegan that the abstract had been examined by the plaintiff's attorney who had made certain objections to it and had demanded a new abstract, and further notified the defendant that a new abstract had been ordered. One was made and was received by the plaintiff not later than March 1, 1920. The new abstract was sent for examination to the attorney for the person to whom the plaintiff was selling the land. No objection was made to the title shown by it. It seems to have been approved, but not until March 15, 1920. The plaintiff did not make an examination of the abstract for himself, but based his approval on the report of the attorney for the purchaser. The $1,800 was not paid, and the mortgage for $2,000 was not given. On March 10, 1920, Thomas M. Keegan wrote the plaintiff rescinding the contract for its nonfulfillment and stated that the money held by him was forfeited by the plaintiff. On March 25, 1920, this action was commenced and $1,800 was paid into court by the plaintiff for the defendant.

1. It is argued that the $1,000 paid was a penalty and not liquidated damages, and that all Thomas M. Keegan could retain or recover was the actual damage sustained by him. This question has been decided a number of times by this court. In *Roberts v. Yaw*, 62 Kan. 43, 61 Pac. 409, this court said:

"The obligors in a bond for a deed to real estate, upon default by the obligee, are entitled to a decree canceling the contract and quieting their title, without first returning to the obligee the amount paid by him on the contract of sale." (Syl. ¶ 1.)

To the same effect is *Hillyard v. Banchor*, 85 Kan. 516, 118 Pac. 67, where this court said:

"It is a general rule that a purchaser of land who has made an advance payment and then failed to fulfill his contract without default on the part of the vendor cannot recover the amount so paid." (Syl. ¶ 4.)

Also in *Cue v. Johnson*, 73 Kan. 558, 85 Pac. 598, this court said:

"Courts abhor forfeitures, and will resort to any reasonable rule of construction to avoid them. But when in a contract for the sale of real

estate it is stipulated that time shall be of the essence of the agreement, and a forfeiture upon default is provided for, such contract will be upheld and enforced, unless under the circumstances shown it would be grossly inequitable." (Syl. ¶ 1.)

(See, also, *National Land Co. v. Perry,* 23 Kan. 140; *Nason v. Patten,* 88 Kan. 472, 473, 129 Pac. 138; *Long v. Clark,* 90 Kan. 535, 135 Pac. 673; *Drollinger v. Carson,* 97 Kan. 502, 155 Pac. 923; *Wensler v. Tilke,* 97 Kan. 567, 155 Pac. 946.)

2. The plaintiff himself undertook to meet the objections to the abstract by obtaining first an extension of the one furnished by Keegan and then by procuring a new one. When he undertook to satisfy the objections to the abstract, the delay in having the old one brought down to date, in obtaining the new one and in having them examined, was the delay of the plaintiff and not that of Thomas M. Keegan. The plaintiff had the right to call on Keegan for a sufficient abstract, and if one had then not been furnished in time, the delay would have been that of Keegan and not that of the plaintiff. The delay in examining the abstracts by the attorney for the purchaser in Nebraska was likewise that of the plaintiff and not that of Keegan. After the plaintiff undertook to satisfy the objections to the abstract, he had ample time in which to make an examination thereof and have all corrections made, if he had made that examination for himself.

3. As one excuse for not making payment at the time named in the contract, plaintiff urges that the abstract furnished by the defendant was in such condition that the title could not be ascertained therefrom. The abstract was introduced in evidence, and the court by a general finding determined that it complied with the contract. This brings the question within the rule often declared by this court that where, from the evidence, different minds may reasonably come to different conclusions, the findings of the triers of fact are conclusive. The abstract has been filed in this court, and after an examination of it, the court is not able to say that the finding of the trial court was erroneous.

4. Another objection to the abstract furnished by Keegan is that it did not show that the seals of the notaries public had been attached to the conveyances acknowledged by such officers. In response to this, it is urged that this defect did not

render the title unmarketable, for the reason that the instruments abstracted had been recorded for more than ten years at the time the abstract was furnished. Sections 2082, 2083, and 2084 of the General Statutes of 1915 are cited. Section 2084 in part reads:

"When any instrument of writing shall have been on record in the office of the register of deeds in the proper county for the period of ten years, and there is a defect in such instrument . . . in the execution, acknowledgment, recording or certificate of recording the same, such instrument shall, from and after the expiration of ten years from the filing thereof for record, be valid as though such instrument had, in the first instance, been in all respects duly executed, acknowledged, and certified, and such instrument shall, after the expiration of ten years from the filing of the same for record, impart to subsequent purchasers, incumbrancers and all other persons whomsoever, notice of such instrument of writing so far as and to the same extent that the same may then be recorded, copied, or noted in such books of record."

The statute provides that such an instrument, or the record of it, shall be competent evidence.

5. The plaintiff contends that—

"In the case at bar no tender of an abstract was pleaded nor was any excuse for a failure to do so either pleaded or proven."

It has been shown that an abstract was furnished. The answer and cross-petition of Thomas M. Keegan contained the following:

"This defendant says that he has performed upon his part all and and everything which he was to do and perform under and by virtue of said written agreement."

This was a sufficient allegation of tendering an abstract. This contention of the plaintiff cannot be upheld.

There was another objection to the abstract furnished by Thomas M. Keegan, but that objection is not discussed in the briefs and will not be further noticed.

It does not appear that any error was committed by the trial court, and the judgment is affirmed.