No. 24,442.

WALTER O. McCLANAHAN, *Appellant,* v. C. W. SEHON, *Appellee.*

SYLLABUS BY THE COURT.

CONTRACT — *Purchase of Land — Advance Payment — Default of Purchaser — Recovery of Initial Payment.* Plaintiff made a contract to buy defendant's farm for $9,000 and paid $1,000 thereon and was let into possession. He afterwards left the premises and his father and brother removed all plaintiff's chattels therefrom, but the trial court found that these facts did not constitute abandonment. When the date of the final payment, $8,000, fell due, plaintiff made default, and defendant reëntered and took possession of the farm. *Held,* that under the circumstances defendant's reëntry did not of itself operate as a rescission of the contract, nor give the plaintiff the right to recover the $1,000 paid—following *Morris v. Derr,* 55 Kan. 569, 40 Pac. 908.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed May 12, 1923. Affirmed.

*George K. Melvin,* and *R. E. Melvin,* both of Lawrence, for the appellant.
*M. A. Gorrill,* of Lawrence, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover a partial payment on the contract purchase price of a farm.

Plaintiff bought a Douglas county farm from defendant for $1,000 in cash and $8,000 which he was to pay on or before January 1, 1921. He took possession of the farm buildings and part of the land in August, 1920, and made some improvements thereon. In December, 1920, plaintiff left Douglas county for business and pleasure, leaving some cattle and horses on the premises. He also left some oats in a granary thereon. Shortly afterwards plaintiff's father and

brother took away the live stock and hauled away the oats. He did not pay the balance of the purchase price when due and has not yet tendered payment thereof. On January 1, 1921, defendant reentered the farm and still holds possession. The transaction proceeded no further towards completion. Some time later, date not shown, this action was begun by plaintiff to recover the $1,000; he alleged forcible dispossession and rescission by defendant. Defendant's verified answer alleged that plaintiff had merely entered into the contract of purchase as a speculation, that he had neither the money nor the credit to carry out the contract, that he had abandoned the farm, that plaintiff had neither paid nor offered to pay the $8,000, nor had he demanded a conveyance nor possession since the abandonment. Defendant prayed in the alternative for a decree canceling the contract or for judgment for the $8,000 and interest and for a first lien on the farm to secure such judgment and that the farm be sold to satisfy it.

An advisory jury and the trial court made findings of fact as above narrated, and the court deduced therefrom certain conclusions of law:

"1. The plaintiff did not abandon the possession of the farm.

"2. The possession of the farm by the defendant does not amount to a rescission or cancellation of the contract.

"3. The plaintiff is not entitled to a return to him of the $1,000 paid by him or the value of the improvements placed upon the real estate by him.

"4. A judgment should be entered that if the plaintiff shall tender to the defendant a sum of $8,000 on, or before August 1, 1922, he shall be entitled to performance of the contract according to its terms."

The court gave judgment accordingly, and the plaintiff's main contention is the judgment should have been in his favor.

Plaintiff argues that the reëntry of defendant was in effect a rescission of the contract. Not necessarily so. Plaintiff was in default of payment. Defendant could not know for certain whether plaintiff would return; he could not know whether plaintiff would ever go further with the contract—whether he ever would pay. So, out of prudence, he reëntered. Mayhap he reëntered in reliance on what this court said in the analogous case of *Morris v. Derr*, 55 Kan. 469, 40 Pac. 908:

"That the mere taking possession of the land by the defendant after plaintiff's default in payment of the note did not of itself operate as a rescission of the contract, nor give to the plaintiffs the right to recover the $2,000 paid." (Syl.)

We have to consider this case upon the trial court's findings of fact, and these do not compel the conclusion that either party had abandoned the contract, although a conclusion that the plaintiff had abandoned it could scarcely have been disturbed on appeal. There is no clear ground which would have justified a conclusion that the defendant had abandoned the contract, so far as established by the findings. It seems that the trial court dealt very considerately with plaintiff. Notwithstanding his default, it gave him nineteen months' extension of time to complete his payment of the purchase price, which was certainly not within the contemplation of the parties at the time they made the contract of sale. Plaintiff has no just ground of complaint at the judgment, and he is not entitled to the return of his first payment. (*McAlpine. v. Reicheneker*, 56 Kan. 100, 42 Pac. 339; *Roberts v. Yaw*, 62 Kan. 43, 61 Pac. 409; *Hull v. Allen*, 84 Kan. 207, 113 Pac. 1050; *Hillyard v. Banchor*, 85 Kan. 516, 118 Pac. 67; *Wensler v. Tilke*, 97 Kan. 567, 155 Pac. 946; *Bentley v. Keegan*, 109 Kan. 762, 202 Pac. 70; Note in L. R. A. 1918 B, 544.)

The judgment is affirmed.