No. 33,629

William E. Gregory, *Appellant*, v. Ludvig Nelson and Selma Nelson, His Wife, *Appellees*.

(78 P. 2d 889)

Opinion filed May 7, 1938.

*S. R. Blackburn,* of Cottonwood Falls, and *Ralph W. Street,* of Kansas City, Mo., for the appellant.

*Owen S. Samuel,* of Emporia, and *Owen Samuel, Jr.,* of Cottonwood Falls, for the appellees.

The opinion of the court was delivered by

Hutchison, J.: This was an action to recover from the vendors a $15,000 advance payment made to them by the mother of plaintiff on the purchase price of 1,000 acres of land in Chase county, near the town of Cottonwood Falls, at $80 per acre, the terms and conditions of the sale being expressed in a written contract, a copy of which was attached to the petition as an exhibit. The legal question involved herein is whether the advance payment was a penalty or liquidated damages. An answer and an amended answer were filed by the defendants, but they were by leave of court withdrawn and defendants demurred to the petition, which demurrer was sustained by the court, and from that ruling the plaintiff appeals.

The petition alleged the mother of the plaintiff, on the 11th day of April, 1935, entered into a written contract with the defendants to purchase this land for $80,000, the advance payment of $15,000 having been made by the purchaser to the defendants at the time the contract was executed, and the remaining $65,000 was, by agree-

ment, to be paid on March 10, 1936. The petition further alleged that the mother of plaintiff, in June, 1935, sold and assigned her interest in this contract to her son, the plaintiff, a copy of which written transfer or assignment was attached to the petition. The petition also alleged that the plaintiff notified the defendants six days before the date when the last payment was due that he would be unable to pay the same and made demand upon them for the return of the amount advanced.

The petition further alleged that at the time of the execution of the contract between the mother of the plaintiff and the defendants the provision concerning the retaining of the down payment by the defendants in case of failure of the purchaser to carry out the terms of the contract was inserted in the contract without making any calculation of actual damages, and it was regarded by the parties to the agreement simply as a down payment. The petition also alleged that the defendants have not suffered or sustained any damages whatsoever by reason of the failure of the plaintiff or his mother to carry out the terms of the agreement, and that the defendants have at all times been in possession of the property.

The petition contained no allegation of fraud or of failure of any kind on the part of the defendants to perform the terms of the contract.

The paragraph in the contract with reference to forfeiture thereof is as follows:

"It is further agreed by the parties hereto, that if default be made in fulfilling this agreement, or any part thereof, by or on behalf of said party of the second part, this agreement shall, at the option of the first parties, be forfeited and determined, and said party of the second part shall forfeit all payments made by her on the same, and such payments shall be retained by said parties of the first part, in full satisfaction and in liquidation of all damages by them sustained, and they shall have the right to retain possession of said premises."

Appellant insists that the statement in the contract that the payment advanced was liquidated damages is not controlling when it is alleged that no damages were actually calculated in connection with the making of such a statement, and he relies strongly upon the decision in the case of *Condon v. Kemper*, 47 Kan. 126, 27 Pac. 829, where it was said in the opinion:

". . . when it may be seen from the entire contract, and the circumstances under which the contract was made, that the parties did not have in contemplation actual damages or actual compensation, and did not attempt to

stipulate with reference to the payment or recovery of actual damages or actual compensation, then the amount stipulated to be paid on the one side, or to be received or recovered on the other side, cannot be considered as liquidated damages, but must be considered in the nature of a penalty, and this even if the parties should name such amount 'liquidated damages.'" (p. 130.)

The case just cited, however, was not one where advance payment had been made on a purchase price, but was upon a contract to either build a wall on a party line or move a frame house back and put it in good repair, and the contract stipulated as follows: "that a failure on the part of said Condon to perform these obligations shall entitle said Kemper to recover from him the sum of $500 as liquidated and ascertained damages for the breach of this contract." Condon failed to do either, but it was shown that the moving of the house would not have cost more than $100, and in conclusion the court held:

". . . that the sum of $500 mentioned in such contract as liquidated and ascertained damages, must be treated as a penalty and not as liquidated damages." (Syl.)

Appellant also cites *Evans v. Moseley,* 84 Kan. 322, 114 Pac. 374, where an advance payment of $3,000 was made on the purchase of a thousand head of cattle, and the agreement made the advance payment a forfeiture in case the purchaser failed on his part and also to be returned to the purchaser if the owner of the cattle should fail to deliver the cattle in addition to any and all sums on account of shortage in number of cattle delivered. It was there said in the opinion:

"Notwithstanding the language used in the contract, it is difficult if not impossible to believe that the parties really intended that $3,000 should be forfeited or recovered alike for a total failure or for a failure to deliver twenty or forty head of the cattle. . . . We hold, therefore, that the trial court correctly construed the stipulation as one for a penalty only." (pp. 329, 330.)

Another case cited by appellant is *Benfield v. Croson,* 90 Kan. 661, 136 Pac. 262, where, by contract, an exchange was made of land for merchandise (to be invoiced) and each party put up with a third party $500 as a forfeiture for failure of performance, and the court held:

". . . the language of the contract providing for a forfeiture and not for stipulated damages should control in the absence of circumstances indicating a different intention; that actual damages resulting from a breach of the contract were readily provable without entering into the realm of speculation and conjecture; that the amount of the stake was fixed without reference to com-

pensation for loss in case of a breach; and that upon default by one party the other could not enforce the forfeit." (Syl. ¶ 1.)

See, also, *Kuter v. Bank,* 96 Kan. 485, 152 Pac. 662.

The case of *Heatwole v. Gorrell,* 35 Kan. 692, 12 Pac. 135, was where one party sold his business and good will to another and bound himself in the sum of $500 that he would not engage in that business at the same place for a period of five years. It was there held that the sum named in the instrument was a penalty and not liquidated damages, and for the breach the purchaser could recover only actual damages.

Another case cited is *Methodist Episcopal Church v. North,* 92 Kan. 381, 140 Pac. 888, where a church sold its own building and the lot on which it was located for $1,000, and the purchaser failed to pay the same. Thereafter the church sold the property to another for $320 and sued the former purchaser for the difference, or $680, but the court held he was only liable for the actual loss, and the measure of damages was the difference between the contract price and the market value when the breach occurred.

The case of *Land Co. v. Barton,* 51 Kan. 554, 33 Pac. 360, concerned the sale of land where a guaranty was given in writing for the conveyance of certain real estate upon the payment of a specified price, and the guaranty was held to be a penalty for the breach, of which the injured party would be entitled to recover actual damages only.

In none of these cases just cited were there any advance or down payments made on the purchase price except in the Evans cattle case where the advance payment was made a forfeiture for the breach of either party. In all the other cases, except the church case, forfeitures were simply designated or put up with third parties, which is quite different from making a partial payment on the purchase price.

In the consideration of the demurrer to the petition we must accept as true the allegation that when the contract was executed no attempt was made to calculate the amount of actual damages that might be sustained by defendants in case the purchaser should fail to make the final payment. This is considered uniformly to be a strong reason for holding such forfeitures to be only penalties instead of liquidated damages. But that feature must be weighed in the balance of justice as being directly and positively opposed to the definite written agreement of the parties that they intended it for

liquidated damages. Such allegations tend mostly to show a lack of accuracy in stating the intention of the contracting parties. In 8 R. C. L. 559 the difference between these elements is stated as follows:

". . . the distinction between a penalty and liquidated damages being that the one is a surety for, and the other is to be paid in the event of non-performance of, the act to be done."

The same text, further commenting thereon, refers to the language of the contract sometimes being ambiguous and the amount named being excessive. In the case at bar it is not claimed that there was any ambiguity in the language used in the contract, although it is claimed the amount is excessive, that the vendors suffered no loss whatever, and that when making the contract damages were not considered by them.

In the case of *Hull v. Allen*, 84 Kan. 207, 113 Pac. 1050, it was held:

"A purchaser of land who makes a deposit of money, under a written contract that if the balance of the consideration is not paid as agreed upon the deposit will be forfeited, cannot recover the deposit if the consideration is not paid and the contract carried out because of his fault." (Syl. ¶ 1.)

In the case of *Hillyard v. Banchor*, 85 Kan. 516, 118 Pac. 67, it was held:

"It is a general rule that a purchaser of land who has made an advance payment and then failed to fulfill his contract without default on the part of the vendor cannot recover the amount so paid." (Syl. ¶ 4.)

The last-cited case commented upon and followed the decision in the case of *Frederick v. Birkett*, 37 Kan. 536, 15 Pac. 510.

Two more recent cases, *Wensler v. Tilke*, 97 Kan. 567, 155 Pac. 946, and *Bently v. Keegan*, 109 Kan. 762, 202 Pac. 70, were each to recover the advance or down payment on the purchase price of real property where there was a contract providing for the retention of such payment by the vendor in case of a breach of the contract by the vendee. They both cited the Hillyard case with approval and reached the same conclusion. In the Bently case it was held specifically that "the initial payment shall be retained by the vendor as liquidated damages."

The case of *McClanahan v. Sehon*, 113 Kan. 482, 215 Pac. 277, also involved an advance payment made upon real estate where the action was brought by the purchaser to recover the same, and not

only the Hillyard case, but also the last two cases above cited, were therein cited and approved.

See, also, *Brown v. Kaufman,* 123 Kan. 427, 255 Pac. 1113, which was not a case of sale of land but of machinery, but the same principle was involved as to fulfilling the conditions of the written contract of purchase; also, the case of *City of Topeka v. Industrial Gas Co.,* 135 Kan. 646, 11 P. 2d 1034, which concerned a bond and a city ordinance concerning gas franchise.

Appellant urges the time-honored recognition of the rule as to the law abhorring forfeitures, and in that connection it was held in the mining case of *Hinshaw v. Smith,* 131 Kan. 351, 291 Pac. 774, that—

"While the law abhors forfeitures, it does not abhor the fulfilling of contracts voluntarily made in which parties have bound themselves to perform certain definite requirements or lose their rights under such contracts." (Syl. ¶ 3.)

No one would maintain that if the loss and damage to the defendants by reason of the failure of the plaintiff to make payment of the balance of the purchase price was more than the advance payment to which the contract limited their damages that they could recover the actual amount of their damages even in excess of the advance payment. If the advance payment under the contract in this case is a penalty as far as the purchaser is concerned, it should be the same as to both parties.

We are positively of the view, in line with the cases last above cited, that the advance payment under the contract in the case at bar is in the nature of damages and not a penalty, and it was forfeited by the failure of the plaintiff to perform the agreement on his part.

The judgment is affirmed.