No. 23,393.

GEORGE L. WEINHEIMER, *Appellee,* v. W. H. SOWERS et al. (S. E. CASKEY, *Appellant*).

#### SYLLABUS BY THE COURT.

1. CONTRACT—*Sale of Land—Abstract of Title—Waiver by Vendee of Strict Performance of Condition Relating to Furnishing Abstract.* In a contract for a sale of land there was a stipulation that an abstract of title should be furnished by the vendor within ten days, but he did not furnish it until a later time. The vendee did not ask for it or complain of nondelivery, but dealt with the vendor as if satisfied with the title and treated the requirement of an abstract as immaterial. *Held,* that the vendee waived the strict performance of the condition relative to the time of furnishing an abstract.

2. SAME—*Findings Relating to Forfeiture Supported by the Evidence.* The findings relating to the forfeiture of the contract of sale and of certain payments made thereon examined, and held to be supported by the evidence and not to be inconsistent with equitable principles.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed January 7, 1922. Affirmed.

*Ralph E. Page,* of Ottawa, *Harry L. Jacobs,* and *William G. Boatright,* both of Kansas City, Mo., for the appellant.

*F. M. Harris,* of Ottawa, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to declare a forfeiture of a. contract for the sale of land, also certain payments made thereunder, and to quiet plaintiff's title to the land as against the claims of the defendants. Plaintiff prevailed, and Caskey, one of the defendants, appeals.

On August 7, 1919, George L. Weinheimer entered into a contract to sell W. H. Sowers certain tracts of land for the price of $27,-720. It was stipulated that a cash payment of $500 be made, another payment of $5,000 on October 1, 1919; that Sowers should assume a mortgage on the land of $6,000; and that the balance of $16,220 was to be paid on March 1, 1920. Weinheimer was to furnish an abstract showing that he had a merchantable title within ten days, and that if any defects were found he was to have ample time to correct the same. The cash payment was made and Weinheimer executed a deed and deposited the same in a bank in accordance with the contract, to be delivered when the purchaser made his payments. On October 1, when the $5,000 became due, Sowers gave a check for the amount, but it was turned down by the bank for want of sufficient funds to meet it. A short time afterwards he paid $3,000 of the amount and agreed to pay the remaining $2,000 within a brief time. Sowers testified that plaintiff agreed to extend the time of making the October payment until March 1, 1920. Sowers was permitted to put in a crop of wheat upon eighty acres of the land in the fall of 1919, which he says cost him about $6.50 an acre. When the time for the final payment came Sowers made default. He had undertaken to raise the money by a mortgage, but after repeated efforts he was unable to find anyone who would make so large a loan on the property. Some question was raised as to the abstract of title, but the failure of Sowers to make payments or to secure a loan upon the property was not because of the absence of an abstract or of any defects in the title, and Weinheimer stated that the defects mentioned had been cured. Sometime in April, Sowers assigned his rights under the contract to S. E. Caskey, and the contract of assignment was executed the day before the summons upon Sowers was served in the present action. When the trial was had Sowers disclaimed any interest in the land or any right under the contract, insisting that Caskey was the owner. The defendants, although insisting that the plaintiff was not entitled to

a forfeiture, only asked for a recovery of the money which had been paid upon the contract and the value of the wheat which Sowers had planted on the land. At the trial the court entered a conditional judgment, stating that he would give the defendants an opportunity to complete the contract, that he would credit them with $500 on their indebtedness, for the wheat crop they had planted, and that if they would pay $1,500, the balance of the $2,000 payment by November 20, 1920, and the remainder of the price by February 1, 1921, the plaintiff should deliver a deed conveying the title to the land to Caskey, together with an abstract showing a merchantable title thereto, but if they failed to pay the $1,500 by November 20, the whole contract should stand forfeited unless Caskey should pay the full price of the land on or before January 1, 1921. It appears that no payments were made, but instead of availing themselves of the conditions of the judgment Caskey took an appeal from the conditional judgment. Later, and on January 5, 1921, there was a further hearing of the cause when it was shown that there had been no compliance with the prescribed conditions, and then a final judgment was rendered, declaring a forfeiture of the contract and of all moneys paid under it and quieting the title in the plaintiff. No appeal was taken from the final judgment. In the alternative findings and order, the court, in the exercise of its equitable power and discretion, gave the defendant, Caskey, further opportunity to perform the conditions of the contract. It was in the nature of a preliminary order permitting the defendant to have from November 4, 1920, until January 1, 1921, to fulfill the conditions and protect his contract rights, but it seems that he made no efforts towards performance. When final consideration was given to the case and non-compliance was shown, a final judgment was rendered. The defendant appeared at that time, but made no motion for a new trial nor raised any question as to the correctness of that judgment. There is some question as to the right of the defendant to appeal from the conditional judgment, but because of the finality in several of its features, we have concluded to review the errors assigned.

Defendants contend that plaintiff was not entitled to a forfeiture for the acknowledged defaults in the promised payments because he had not furnished an abstract of title as required by the contract. An abstract had been prepared and was in the possession of the loan company which held the mortgage upon the land which Sowers was to assume. While it was stipulated that it should be

furnished within ten days after the contract was made, it was not called for by Sowers, and when plaintiff was urging him to make the payments agreed upon no objections were made by Sowers because an abstract had not been furnished. He turned over the worthless check of $5,000 without raising a question as to the abstract and subsequently paid $3,000 without requesting it. In March, 1920, when the whole consideration was due, Sowers did ask for the abstract, and one that had been prepared was obtained from the loan company holding the mortgage, and placed in the hands of an abstracter to bring it down to date. When Sowers went after the abstract which he wished to use in an effort to obtain a loan on the property that would enable him to make payments, the agent of the loan company asked for $50 as a deposit to insure the return of the abstract, and this he voluntarily gave. This deposit, it is suggested, may be obtained by him upon application. When the abstract was placed in the hands of his attorney, some objections were made to it, but it does not appear that any of them were serious in character, and plaintiff testified that even these were met and corrected. It may be said, however, that in all the negotiations as to the defaulted payments, the extensions of time of payment and the efforts to obtain loans which would enable Sowers to make payments, no demand was made for the abstract, and evidently he found no occasion to use it. In March, 1920, in a final effort to obtain a loan and after the grounds of forfeiture existed, he did ask for it and received it. In the trial the abstract was not introduced in evidence and nothing in the testimony shows that a loan or sale was frustrated by the delay in the delivery of the abstract. Indeed, the defendant Caskey, the only one who appeals here, made his purchase and acquired his rights after the delivery of the abstract. Sowers treated the provision relative to the abstract as immaterial and the facts and circumstances related show that the delivery of an abstract at the specified time was effectually waived. (*McAlpine v. Reicheneker,* 56 Kan. 100, 42 Pac. 339; *Hull v. Allen,* 84 Kan. 207, 113 Pac. 1050.)

There is a contention that the forfeiture of the contract and of the payments made under it were inequitable and unauthorized. It appears, however, from the evidence that the plaintiff was lenient with Sowers in the granting of extensions and in postponing a forfeiture by reason of Sowers' defaults. The court was exceedingly liberal in the conditional judgment in giving another chance to

perform the contract and thereby obtain the land after the right to do so had been lost. Sowers is not complaining of the judgment, and Caskey, who purchased from him, was manifestly not seeking to secure a conveyance of the land. He bought the interest of Sowers after default in all the payments, and as his purchase was made after this action was brought, he must have known that he was buying a lawsuit.

We find nothing inequitable in the findings or judgment of the court nor any grounds for reversal.

Judgment affirmed.